**UNITED STATES of America, Appellee,**

v.

**Wayne CHIN, Defendant–Appellant.**

**No. 99–1452.**

United States Court of Appeals, Second Circuit.

Argued: April 18, 2000

Decided: Aug. 25, 2000

Michael B. Lumer, Kaiser Saurborn & Mair, P.C., NY, NY, for Appellant.

Leonard Lato, Assistant United States Attorney (Loretta E. Lynch, United States Attorney for the Eastern District of New York), Brooklyn, NY, for Appellee.

Before: POOLER and SOTOMAYOR,* Circuit Judges.

PER CURIAM.

Wayne Chin appeals from the judgment of the United States District Court for the Eastern District of New York (Hurley, *J.*) finding that he violated the terms of his supervised release by assaulting an individual with a firearm in violation of New York Penal Law §§ 120.05(2) and 265.02(1) and 18 U.S.C. § 922(g)(1). The district court sentenced Chin principally to 24 months imprisonment. On appeal, Chin argues that the district court: 1) contravened Fed.R.Crim.P. 32.1(a)(1) and the Due Process clause by failing to hold a preliminary hearing and neglecting to provide proper notice of the revocation hearing; and 2) allowed inadmissible hearsay testimony which violated Fed.R.Crim.P. 32.1(a)(1) and Chin's Confrontation clause rights. Chin also contends that he received ineffective assistance of counsel. For the reasons below, we reject appellant's arguments and affirm the judgment of the district court.

## BACKGROUND

Following seventy-eight months' incarceration on various weapons convictions, Chin commenced a three year-term of supervised release on March 7, 1997. Authorities arrested Chin on May 18, 1999, and charged him with violating the terms of his supervised release by assaulting an individual on March 13, 1999, and March 29, 1999, in violation of New York Penal Law §§ 120.05(2) and 265.02(1) as well as 18 U.S.C. § 922(g)(1). On May 28, 1999, Chin appeared in district court, and Judge Hurley granted additional time to prepare

* Judge Van Graafeiland, who was originally assigned as a member of the panel designated to hear this appeal, became ill shortly before the scheduled oral argument and was unable to participate in its argument or disposition.

The remaining two members of the panel, who agree on the disposition, issue this decision pursuant to 2d Cir. R. § 0.14(a), (b). *See Murray v. National Broadcasting Co., Inc.,* 35 F.3d 45, 47–48 (2d Cir.1994).

for a hearing because Chin's attorney recently had been retained. The district court also heard argument as to whether Chin should be released on bail. Judge Hurley denied Chin's request for release on $10,000 bond, finding that he was a flight risk and a danger to the community. The court then set a date for Chin's revocation hearing.

At the July 20, 1999 revocation hearing, Judge Hurley heard testimony from several witnesses regarding Chin's assaults. The government did not call the alleged victim to testify but offered evidence as to why she could not be produced. Chin's probation officer testified that the alleged victim called him and reported that the police had arrested Chin the previous night for assaulting her. She asked the probation officer if Chin had been released on bail, explaining that she feared for her life. Government witnesses also testified that in preparation for the revocation proceeding, they made numerous attempts to locate the complaining witness and secure her testimony at the hearing, but to no avail. The court admitted testimony regarding the incident from Darrell Anderson, the police officer who responded to the victim immediately after the assault.

At the conclusion of the hearing, Judge Hurley reviewed the testimony, weighing Chin's right to confrontation against the government's reasons for not producing the complaining witness. The court concluded that in light of the government's showing of good cause why the complaining witness could not be produced,—*i.e.*, the probation officer's testimony that he had made several good-faith but unsuccessful efforts to locate the witness—the admission of the police officer's testimony did not violate Chin's confrontation rights. Judge Hurley found that Chin had violated the terms of supervised release and sentenced him to 24 months imprisonment.

## DISCUSSION

### I. Fed.R.Crim.P. 32.1

■ First, we consider Chin's allegation that the district court violated Fed.

R.Crim.P. 32.1 and deprived him of due process by refusing to hold a preliminary hearing. According to Chin, the district court never made a probable cause determination. Appellant argues that the district court should have completed the preliminary hearing at his next appearance. Instead, appellant contends, Judge Hurley improperly "converted" the July 20, 1999 hearing into a revocation hearing without affording Chin adequate notice. In response, the government argues that even if the district court failed to hold a preliminary hearing, such error is merely academic because Judge Hurley properly conducted a valid revocation hearing. The government relies on this court's decision in *United States v. Companion*, 545 F.2d 308 (2d Cir.1976), in which we held that failure to hold a preliminary hearing was not prejudicial error where the defendant has already been found in violation of probation following a revocation hearing. *See id.* at 312–13. In that case, the defendant's incarceration stemmed from the revocation hearing and "the denial of [the] preliminary hearing right no longer ha[d] any relation to [the defendant's] incarceration." *Id.* at 313.

We are not persuaded that the district court proceedings resulted in prejudicial error. First, we agree with the government that under *Companion*, any defect in the district court's preliminary hearing process is irrelevant given the validity of the July 20 revocation hearing, at which the defendant benefitted from all the process he was due. *See id.*

Second, while a failure to provide Chin with adequate notice of the final revocation hearing would constitute a violation of Rule 32.1, we find no such error in this case. At the May 28 hearing, the district court made clear that the purpose of the hearing was not to determine Chin's guilt on the assault charge, but rather to determine whether probable cause existed to detain him pending his next court appear-

ance. Toward that end, the court heard arguments of counsel regarding the strength of the government's case as well as whether Chin presented a danger to society and whether there was a risk of flight. At the close of the hearing, the district court granted the government's request to detain Chin pending his next appearance, which, the court made clear, would address whether Chin had violated the terms of his supervised release. *See* Def.'s Appendix at 49 (Transcript of May 28, 1999 hearing) ("[W]hat we ought to do is set this down for a hearing as promptly as possible so that if Mr. Chin is to be released, he'll be released, and if he's not to be released, we'll proceed to the next phase of the case.").

Under these circumstances, we are not convinced that Chin, who was represented by counsel, was deprived of adequate notice of the July 20 revocation hearing. We therefore find no basis on which to reverse the district court's decision to revoke Chin's supervised release.

## II. Confrontation

Chin also argues that in light of the government's failure to establish good cause why the complaining witness could not be produced, the admission of her testimony through another witness violated Fed.R.Civ.P. 32.1(a)(2)(D) and deprived him of due process and confrontation rights. While we recognize that Rule 32.1(a)(2)(D) permits a defendant to confront adverse witnesses in a revocation proceeding, that right is not absolute. We hold that the district court must balance

the defendant's right of confrontation with the government's grounds for not allowing confrontation, *see United States v. Zentgraf,* 20 F.3d 906, 909 (8th Cir.1994), and with the reliability of the evidence offered by the government. *See United States v. Bell,* 785 F.2d 640, 643 (8th Cir.1986).[1] Here, Judge Hurley engaged in the proper balancing analysis. The district court considered the government's explanation for not producing the complaining witness, as well as the reliability of the officer's testimony which relayed both the verbal and nonverbal statements of the complaining witness. Judge Hurley credited the testimony of the police officer who encountered the complaining witness and noted that she was bleeding from the mouth, missing a tooth, and holding a bloody tooth in her hand, all of which indicated that an assault had taken place, and that it was of recent vintage. In addition to the witness' distraught condition, the officer's judgment that she was not under the influence of alcohol and drugs strongly suggested that her statements at the time were accurate and truthful.

With respect to the government's efforts to provide for confrontation, the court noted the testimony offered by the government regarding the numerous efforts the police made to locate the complaining witness and compel her to attend the hearing.[2] In light of these explicit considerations, we find that there is no reason to disturb the judgment of the district court that, on balance, the reasons for admitting the hearsay testimony outweighed Chin's right to confront the complaining witness.

1. We note that Rule 32.1(a)(2)(D) does not contain an explicit good cause exception covering situations in which the adverse witness is unavailable. We decline, however, to interpret the rule more narrowly than the constitutional considerations it embodies, particularly given that the Advisory Committee Notes to Rule 32.1(a)(2) state that a revocation hearing "is not a formal trial" and, therefore, that the "usual rules of evidence need not be applied." Fed.R.Crim.P. 32.1(a)(2) advisory committee's notes (1979 addition); *see also Zentgraf,* 20 F.3d at 909 (applying constitutional good cause exception in Rule 32.1(a)(2)(D) context).

2. In concluding that the government had shown good cause why the alleged victim of assault by Chin did not appear to testify against him, however, the court referred to Rule 32.1(a)(1)(c), which applies to preliminary hearings. We reject appellant's attempt to seize on this apparent misstatement to prove that the July 29, 1999 hearing was indeed a continuation of the preliminary hearing.

### III. Assistance of Counsel

■ Finally, Chin argues that he received ineffective assistance of counsel during the revocation proceedings before the district court. In order to establish a claim for ineffective assistance of counsel, Chin must prove that his attorney's performance fell below an "objective standard of reasonableness [and] there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Chin's principal complaints relate to his attorney's failure to object to Judge Hurley's "conversion" of the preliminary hearing into a revocation hearing as well as his failure to request discovery of the notes and files related to the police officers' testimony. In light of the evidence at the revocation hearing that Chin violated supervised release, we are not convinced that but for counsel's alleged errors the result of the proceeding would have been different. Because we are not persuaded that Chin suffered prejudice, we need not examine whether his attorney's performance fell below an objective standard of reasonableness. *See United States v. O'Neil,* 118 F.3d 65, 72–73 (2d Cir.1997).

### CONCLUSION

We have examined all of the appellant's contentions and find them to be without merit. Accordingly, we affirm the judgment of the district court.