**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**MAR 27 2002**

**PATRICK FISHER**
**Clerk**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 01-3169 |
| v. | (D.C. No. 95-CR-10060-JTM) |
| DALEY DECOVEN WASHINGTON III, a/k/a Salim Siddiq El-Fahim, | (D. Kansas) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **ALARCON,** ** and **ANDERSON** , Circuit Judges.

Daley D. Washington III, a/k/a Salim Siddiq El-Fahim ("Defendant"),

appeals the revocation of his supervised release and subsequent imposition of a

sentence of 24 months imprisonment followed by a new period of 22 months of

supervised release.  The only question raised on appeal is whether the district

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.


**The Honorable Arthur L. Alarcon, Circuit Judge, U.S. Court of Appeals,
Ninth Circuit, sitting by designation.

court violated the Defendant's Sixth Amendment right to confront witnesses against him by relying on hearsay testimony which the Defendant asserts did not contain "sufficient indicia of reliability." Br. of Appellant at 12. Exercising jurisdiction pursuant to 28 U.S.C. §1291, we affirm.

The government and the Defendant are well aware of the facts, including the Defendant's history of criminal behavior, incarceration, supervised release, re-incarceration, further supervised release, and further criminal behavior leading to the instant revocation proceeding. Accordingly, we will not repeat those facts in detail here. In short, however, the record establishes, and the district court found, that in March 2001, Defendant conspired to pass counterfeit checks.

The critical evidence in this proceeding came from the testimony of Detective Bradley Tuzicka regarding statements he received from two individuals who actually passed counterfeit checks on March 9 and March 13, 2001, Mr. Aslan Saulers ("Saulers") and Ms. Shayla Jones ("Jones"). Both of these individuals told Detective Tuzicka that they had been recruited to participate in a check cashing scheme by Defendant, and that Defendant had provided them with the counterfeit checks. Both indicated that Defendant was the leader and mastermind of the counterfeit check cashing scheme they were involved in.

On appeal, Defendant contends that this hearsay testimony was unreliable and that the district court erroneously relied upon it in revoking his supervised

release, in violation of his Sixth Amendment right to confront the witnesses against him. Ordinarily, we would review a district court's decision to revoke a defendant's supervised release for abuse of discretion. United States v. Disney, 253 F.3d 1211, 1213 (10th Cir. 2001) (citing United States v. Reber, 876 F.2d 81, 83 (10th Cir. 1989). However, since Defendant failed to object to the admission of Detective Tuzicka's hearsay testimony, we review his arguments only for plain error.[1] United States v. LaHue, 261 F.3d 993, 1009 (10th Cir. 2001). "Under [plain error] review, relief is not warranted unless there has been (1) error, (2) that is plain, and (3) affects substantial rights. . . . An appellate court should exercise its discretion to correct plain error only if it seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Jones v. United States, 527 U.S. 373, 389 (1999) (internal citations and quotations omitted).

---

[1]Defendant made no hearsay or Sixth Amendment objections during the testimony of Detective Tuzicka. Although Defendant's counsel stated during his closing statement that "if this were really a strong case the government would bring these people in here for us to have a chance to have a meaningful Fifth Amendment confrontation," R. Vol. II, Tr. of Revocation Proceedings at 101, this statement does not qualify as a sufficient objection to preserve the issue for appeal. Defendant's counsel did not ask the district court to strike Detective Tuzicka's hearsay testimony or otherwise indicate that he wanted the court to protect Defendant's Sixth Amendment rights. At most, counsel's statement constituted an attempt to diminish the credibility of the evidence and the overall strength of the government's case, not an objection to the admission of the evidence itself.

Our analysis begins with the recognition that the Federal Rules of Evidence do not strictly apply in proceedings to revoke supervised release, and that hearsay is admissible in revocation proceedings so long as it is sufficiently reliable and the court balances the defendant's right to confront adverse witnesses against the government's grounds for denying confrontation. United States v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994); United States v. Waters, 158 F.3d 933, 940 (6th Cir. 1998). On appeal, Defendant challenges only the reliability of the hearsay testimony, and we therefore analyze only that issue. [2]

The district court did not make any express finding that the statements of Saulers and Jones were sufficiently reliable. The record fairly demonstrates, however, that the district court conducted the functional equivalent of a reliability analysis, concluding, for example, that the statements of Saulers and Jones were independent and consistent. R. Vol. II, Tr. of Revocation Proceedings at 104-05. In any event, the record supports the conclusion that the hearsay testimony was

---

[2]While the government did not articulate a reason for not calling Saulers and Jones to testify, the Defendant did not assert an adequate objection. Presumably, therefore, the district court did not proceed to balance the Defendant's right to confront adverse witnesses against the government's grounds for denying confrontation. Even assuming arguendo that the district court should have conducted such a balancing prior to admitting the hearsay testimony, however, its failure to do so did not constitute plain error, especially considering defense counsel's agreement with the district court's assumption that Saulers and Jones probably would have invoked their Fifth Amendment rights against self-incrimination, R. Vol. II, Tr. of Revocation Proceedings at 101, and the overall reliability of the hearsay. See infra.

sufficiently reliable, and we therefore hold that the district court did not commit plain error.

To begin with, the circumstances surrounding the statements evidence their inherent reliability. Detective Tuzicka testified that he interviewed Saulers and Jones separately, that neither were told about the other's statement, and that both gave detailed and consistent stories about Defendant's involvement in their illegal activities. Id. at 67-73, 75. These independent statements contained a detailed description of a counterfeit check cashing scheme involving the Defendant that closely paralleled a scheme Defendant was found to be involved with in February 2000, despite the fact that, by his own testimony, Defendant never told Saulers or Jones any details surrounding his prior illegal activities. Id. at 99-100, 105. Although not dispositive, the fact that Saulers' and Jones' statements were highly incriminating to themselves is further evidence of the inherent reliability of their statements. Id. at 103-04. [3]

---

[3]Relying on Idaho v. Wright, 497 U.S. 805 (1990), and Lee v. Illinois, 476 U.S. 530 (1986), Defendant asserts that in considering the reliability of Detective Tuzicka 's hearsay testimony, we cannot rely on the fact that Jones and Saulers acted against their penal interest in making their statements. Br. of Appellant at 9-10. We disagree. As a threshold mater, Lee and Wright apply only to the admission of hearsay evidence during the guilt phase of a criminal trial. They do not apply in supervised release revocation proceedings. See Morrissey v. Brewer, 408 U.S. 471, 489 (1972) (holding that although defendants have minimal due process rights in revocation proceedings, including "the right to confront and cross-examine adverse witnesses," the revocation proceedings can not be equated

(continued...)

External corroboration gives further credence to the reliability of the statements made by Saulers and Jones. [4] First, Defendant's car was seen by a security officer at one of the locations where Saulers attempted to pass one of the counterfeit checks, id. at 63-65, supporting the claims by both Saulers and Jones that Defendant was instrumental in their efforts to pass the counterfeit checks. Second, Detective Tuzicka and Agent Marr testified that the checks passed by Saulers and Jones on March 9 and 13, respectively, were both produced in the same

---

[3](...continued)
to "a criminal prosecution in any sense," and courts are given greater flexibility in admitting hearsay in such proceedings). See also United States v. Walker, 117 F.3d 417, 420 (9th Cir. 1997) (noting that a defendant's right to confront witnesses against him in a revocation hearing does "'not rise to the level of similar rights at criminal trial'") (quoting United States v. Martin, 984 F.2d 308, 311 (9th Cir. 1993). Moreover, we have previously recognized that even under Lee, the fact that hearsay constituted a statement against penal interest may be considered as one of the non-dispositive factors in the reliability analysis. See Earnest v. Dorsey, 87 F.3d 1123, 1133 (10th Cir. 1996) ("[I]n light of Lee we view a hearsay statement's adverse effect on the declarant's penal interest not as dispositive of reliability, but as 'one factor entitled to some consideration.") (quoting United States v. Gomez, 810 F.2d 947, 954 n. 8 (10th Cir. 1987)).

[4]Again relying on Wright, Defendant asserts, on appeal, that we cannot consider extrinsic corroborating evidence in our reliability analysis. Br. of Appellant at 10. He suggests that we must determine reliability solely from the circumstances surrounding the making of the statement by Saulers and Jones, and argues that because the police interrogation is inherently suspect, we must find their statements unreliable. Id. As we have already discussed, however, Wright has no application in this case. See supra note 3. Moreover, courts have previously considered extrinsic evidence of corroboration in determining whether hearsay evidence was sufficiently reliable to be admitted and considered in revocation proceedings. See, e.g., United States v. Chin, 224 F.3d 121, 124 (2nd Cir. 2000); United States v. Waters, 158 F.3d 933, 941 (6th Cir. 1998); United States v. Huckins, 53 F.3d 276, 279 (9th Cir. 1995).

manner, on the same type of stock, and pursuant to the same computer program as that utilized in Defendant's previous check cashing scheme in February 2000.    Id. at 76, 79-80.

**CONCLUSION**

Based on the foregoing discussion, we hold that the district court did not commit reversible error in relying on the hearsay testimony of Detective Tuzicka in revoking Defendant's supervised release, or in ordering the revocation of Defendant's supervised release.  Accordingly, the judgment is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge