UNITED STATES of America, Appellee,

v.

Daniel VERGARA, also known as Danny; Mercedes Alba, also known as Migalina; Dimas Ayala, also known as Junito; Sean Farrell; Luis Santos; Manuel Pena, also known as Manny,[1] Defendants,

Mario Goris, also known as Benji, Defendant—Appellant.

No. 01–1392.

United States Court of Appeals, Second Circuit.

April 1, 2003.

---

1. By order filed April 15, 2002, we granted defendant Goris' motion to sever his appeal from the appeal of co-defendant Pena, 01–1309.

Richard C. Daddario, Assistant United States Attorney (Gary Stein, Assistant United States Attorney, on the brief), for James B. Comey, United States Attorney for the Southern District of New York, for Appellee.

Laurie S. Hershey, Law Office of Laurie S. Hershey, Garden City, NY, for Defendant—Appellant.

Present: Honorable McLAUGHLIN, Honorable KATZMANN, and Honorable B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from the United States District Court for the Southern District of New York (Berman, *J.*), it is hereby

**ORDERED, ADJUDGED, AND DE-CREED** that the judgment of the District Court is AFFIRMED.

Defendant Goris appeals from the judgment of conviction entered in the Southern District of New York (Berman, *J.*) following his guilty plea. He alleges that his counsel's failure to object to an error in his Presentence Investigation Report ("PSR") constituted ineffective assistance of counsel and resulted in the violation of his right to due process. The PSR erroneously stated that Goris pled guilty in May 1996 to criminal possession of a weapon in the second degree rather than criminal possession of a controlled substance in the second degree. Defense counsel did not object in writing or orally at sentencing to this erroneous statement.

It is well established that a defendant, to establish ineffective assistance of counsel requiring reversal of his conviction, must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Defendant argues that trial counsel's failure to object to the error in the PSR left the District Court

with the impression that Goris had a prior conviction for criminal possession of a weapon in the second degree in 1995, rather than for criminal possession of a controlled substance in the second degree based essentially on the same narcotics conspiracy underlying the federal charges.... The outcome of the sentencing may well have been different

had trial counsel objected to this error in the report.

■ We need not decide whether counsel's failure to object to the error in the PSR was deficient within the meaning of *Strickland's* performance prong because there is no reasonable probability that but for the error the result of defendant's sentencing would have been different. *United States v. Chin*, 224 F.3d 121, 125 (2d Cir. 2000). We note at the outset that the error did not affect the calculation of defendant's offense level or criminal history. Furthermore, the District Court fully explained that the basis for its sentencing decision was the seriousness of the charged offenses, the need for deterrence and punishment, and the countervailing need to recognize the defendant's cooperation. Nowhere did it reference an alleged weapons conviction. Rather, the District Court was concerned that the murder in aid of racketeering count, which is unrelated to the error in the PSR, was a serious crime for which defendant had not yet been sentenced. There is no reason to believe that correction of the PSR would have affected the Court's judgment with respect to the need to punish defendant for this murder.

Nor is there any basis for speculating, as defendant urges, that the District Court "might well have imposed," a lower sentence if it had known that Goris' prior conviction was for substantially the same conduct underlying defendant's federal narcotics count. Despite the error in the PSR, the District Court determined the extent of departure with full knowledge that defendant had pled guilty in 1996 in state court to manslaughter and narcotics possession and that the defendant maintained that these state convictions were for substantially the same conduct underlying his federal narcotics count.[2]

Because we find that defendant has not demonstrated a reasonable probability that but for counsel's failure to object to the error in the PSR his sentence would have been different, defendant has failed to es-

2. For example:

> (1) at sentencing, the government informed the Court that defendant was serving a state sentence related to the murder of Sanchez and *possession of narcotics;*
> (2) defense counsel at sentencing argued that defendant was indicted federally for *"essentially the same conduct* that resulted in the state court conviction back in 1995. . . . At that time he was convicted of *possession in the second degree* for possession of 3 ounces of heroin. As your Honor is aware, since you recently presided over the [co-conspirator's] trial, those were the overt acts that were referenced for Mr. Goris in this indictment" (emphasis added);
> (3) again at sentencing defense counsel argued to the Court that defendant pled guilty in state court to manslaughter in the first degree *and possession of narcotics in the second degree* and that the sentence he received at that time contemplated the conduct that he committed, i.e., the homicide *and narcotics possession;*

> (4) in its motion pursuant to United States Sentencing Guideline § 5K1.1 and 18 U.S.C. § 3553(e) ("5K motion"), the government reported to the Court that Goris had pled guilty in 1995 to manslaughter in the first degree *and criminal possession of a controlled substance in the second degree;*
> (5) even though the PSR falsely characterized Goris's 1996 state conviction as possession of a weapon, it also reported that, "[a]ccording to the Government, this criminal conduct *is encompassed in the narcotics conspiracy* charged in the instant offense" (emphasis added);
> (6) defense counsel stated in its sentencing letter to the Court that defendant had pled guilty to homicide *and narcotics trafficking* with respect to the Sanchez murder and that he had already been sentenced in state court to a substantial amount of time *"for the same conduct* for which he was indicted in this matter" (emphasis added); and
> (7) the sentencing court had presided over trial and thus was especially familiar with the facts of this case.

tablish that he suffered prejudice from the alleged deficient conduct of counsel, and his ineffective assistance of counsel claim must fail.

■ Defendant also alleges, albeit in summary fashion, that counsel's error resulted in a due process violation because he "was sentenced based upon material misinformation in the probation report."

We have held that "[a] sentence based *in part* on material misinformation may not stand." *United States v. McDavid,* 41 F.3d 841, 844 (2d Cir.1994) (emphasis in original). There is no basis in the record to support a conclusion that the District Court believed conviction for possession of a weapon, as distinguished from narcotics, was a material fact in its sentencing determination. As discussed above, the District Court was aware that defendant had pled guilty in 1996 in state court to manslaughter and narcotics possession, and there is no reason to believe that it operated under a misapprehension of fact in sentencing the defendant.[3] Thus, we find that defendant was not denied due process at his sentencing.

We have considered all of defendant's arguments and find them to be without merit.

The judgment of the District Court is **AFFIRMED**.

---

**3.** We note that defendant does not allege that he was denied his right, pursuant to Rule 32 of the Federal Rules of Criminal Procedure, to contest facts in his PSR. In fact the District Court specifically cautioned the defendant at his plea allocution to review the PSR very carefully and to raise any errors therein "before the sentence so that [the Court does not] proceed on the basis of mistaken informa-

tion." At sentencing, the Court specifically asked the defendant and his counsel whether they had reviewed the PSR and whether they had any objections to it. Defendant answered that he had reviewed the report with counsel, and counsel responded on behalf of himself and defendant that they had no objections other than to the sentence recommendation.