**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DARRIN L. ROBINSON,

    Defendant - Appellant.

No. 07-3258
(D.C. No. 95-cr-40074-RDR-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.[**]

Defendant-Appellant Darrin L. Robinson appeals the district court's

judgment sentencing him to five years' imprisonment on revocation of his term of

supervised release. Mr. Robinson was serving a three-year term of supervised

release stemming from convictions for robbery and possession of a firearm as a

felon when his probation officer filed a petition to revoke his parole for violating

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

the conditions of his release. Mr. Robinson admitted to four of the five violations listed in the petition and only challenged whether he committed a robbery in violation of the condition that he not commit another crime. Mr. Robinson appeals the length of his sentence, the written judgment, whether there was sufficient evidence for the district court to find that he committed the robbery, and whether certain hearsay evidence should have been admitted at the revocation proceeding. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm but remand for the district court to correct a mistake in the written judgment.

We review the order revoking supervised release for an abuse of discretion and any legal questions de novo. United States v. Disney, 253 F.3d 1211, 1213 (10th Cir. 2001). "A district court necessarily abuses its discretion when it makes an error of law" and "must find by a preponderance of the evidence that the defendant violated a condition of his supervised release." Id. (quotation marks omitted). We review the factual findings of the district court for clear error. United States v. Carlton, 442 F.3d 802, 810 (2d Cir. 2006).

Mr. Robinson first argues that his new sentence of five years is constitutionally impermissible because it exceeds the three years of his supervised release. He argues that this new sentence violates due process and the prohibition against double jeopardy because he is being punished for violating his parole rather than simply being resentenced for his original offense. The government

contends that this objection to the sentence was not adequately raised before the district court. Mr. Robinson's counsel stated at the conclusion of the sentencing hearing that "I understand the Court's ruling and the statute, but I told [Mr. Robinson] I would object, and we do object to any sentence over three years, which was what was originally imposed" to make the objection "clear for the record." II R. at 42. The district judge then responded: "That's agreeable to the Court. . . . Yes, that's—all right. I believe that's all we can do, then, in this case." Id. Because "[t]he district court apparently considered the issue adequately raised" and implicitly overruled the objection by not changing the sentence, we consider it adequately raised. United States v. Chavira, 467 F.3d 1286, 1291 n.3 (10th Cir. 2006).

As Mr. Robinson recognizes, "[p]ost revocation penalties relate to the original offense." Aplt. Br. at 7 (citing Johnson v. United States, 529 U.S. 694, 701 (2000)). The Supreme Court attributes any post-revocation penalties to the original conviction to avoid any double-jeopardy concerns, Johnson, 529 U.S. at 700-01, and therefore the district court's newly imposed sentence is constitutional. The fact that Mr. Robinson also recognizes that the district court was statutorily authorized to sentence him to five years' imprisonment under 18 U.S.C. § 3583(e)(3) puts any other issues on this point to rest. Aplt. Br. at iv, 8 & n.21.

We next address whether there was sufficient evidence for the district court

to find by a preponderance of the evidence that Mr. Robinson violated a condition of his parole by robbing a convenience store, a "Grade A violation" subjecting him to five years' imprisonment upon revocation. Aplt. Br. at 3. Sufficient evidence supports the district court's finding. A detective implicated Mr. Robinson based upon the store's surveillance video of the robbery compared to a booking photograph of Mr. Robinson, a store clerk's photographic line-up identification of Mr. Robinson as an individual who was in the store approximately an hour before the robbery, and a comparison of Mr. Robinson's vehicle to that of the robber's as seen from the store video. This is sufficient for the district court to find by a preponderance of the evidence that Mr. Robinson violated the condition that he not commit another crime. See Disney, 253 F.3d at 1213.

Mr. Robinson also argues that the district court admitted hearsay identification evidence at the revocation proceeding in violation of his due-process right to confront his accusers when the detective testified about the photographic line-up identification of Mr. Robinson by the store clerk. He did not object at the hearing and therefore we review the admission of this evidence for plain error.[1] See United States v. Lopez-Flores, 444 F.3d 1218, 1220-21 (10th

---

[1] Although Mr. Robinson argues that the government must prove that the due-process violation he alleges is harmless beyond a reasonable doubt "in that it did not contribute to the district court's judgment," Aplt. Br. at 15, we agree with the government that the burden is his to prove that any error affected his substantial rights by affecting the outcome of the proceeding below. "In cases

Cir. 2006), cert. denied, 127 S. Ct. 3043 (2007). Plain error occurs when there is "(1) an error; (2) that is plain or obvious; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. James, 257 F.3d 1173, 1182 (10th Cir. 2001). "[W]e apply this rule less rigidly when reviewing a potential constitutional error." Id.

"[T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." Morrissey v. Brewer, 408 U.S. 471, 480 (1972). However, one of the "minimum requirements of due process" that does apply is "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)," id., although "the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial," id. at 489. This right is recognized by Fed. R. Crim. P. 32.1(b)(2)(C), which states that, at a revocation hearing, the defendant must have "an opportunity to . . . question any adverse witness unless the court determines

_____

involving the defendant's failure to object, the defendant bears the burden of establishing the error impacted substantial rights by demonstrating the outcome of the trial would have been different but for the error." United States v. Harlow, 444 F.3d 1255, 1261 (10th Cir. 2006).

- 5 -

that the interest of justice does not require the witness to appear." Mr. Robinson notes that "there was no inquiry into whether there was justification for [the store clerk] to not appear" but concedes that "[n]o doubt that was because no objection was lodged." Aplt. Br. at 17. He contends that the district court had an "independent obligation" to assure that his rights were protected. Id.

We disagree. The district court is not required to perform the balancing test without some suggestion by counsel. Moreover, the hearsay evidence has sufficient indicia of reliability. We addressed a similar situation in United States v. Washington, 38 F. App'x 522, 524 & n.2 (10th Cir. 2002) (unpublished), a case which we find persuasive here. In that case, the district court in a parole-revocation proceeding did not balance "the Defendant's right to confront adverse witnesses against the government's ground for denying confrontation" "[p]resumably" because "the Defendant did not assert an adequate objection." Id. at 524 n.2. The district court's failure to balance the interests was not plain error in part because of "the overall reliability of the hearsay." Id.

In this case, the reliability of the photographic line-up identification is supported by evidence of the line up itself, signed by the store clerk, which was admitted by the district court. A photograph taken from the surveillance video also showed the store clerk and Mr. Robinson in the same frame, indicating that the clerk had an opportunity to see Mr. Robinson at a close range. The hearsay was therefore reliable. In the face of this reliability, Mr. Robinson has not

produced any authority indicating that the district court was required to engage in a balancing test without an objection or showing that the ultimate outcome of the proceeding was affected by the district court's failure to balance. Thus, without deciding whether the district court erred by not conducting a balancing test without an objection from Mr. Robinson, we hold that there was no plain error because of the reliability of the hearsay. See id.

Finally, the parties agree that a remand is necessary to correct the district court's written judgment. The written judgment erroneously indicates that Mr. Robinson admitted to the violation at issue (Violation 1) when he denied it. The district court should enter a corrected judgment on remand. See Fed. R. Crim. P. 36.

AFFIRMED and REMANDED for correction of the judgment.

Entered for the Court,

Paul J. Kelly, Jr.
Circuit Judge