**UNITED STATES of America,**
**Appellee,**

v.

**Wayne MCGOWAN, Defendant–**
**Appellant.**

**No. 08–2603–cr.**

United States Court of Appeals,
Second Circuit.

May 4, 2009.

Glenn A. Obedin, Law Offices of Glenn A. Obedin, Central Islip, NY, for Appellant.

Susan Corkery, Jack Dennehy, Assistant United States Attorneys, Benton J. Campbell, United States Attorney for the Eastern District of New York, New York, NY, for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Wayne McGowan appeals from a judgment of the district court based on its finding that McGowan had committed three violations of the terms of his supervised release and sentencing him to two years' imprisonment therefor. The court found McGowan had been guilty of stalking in the third degree, in violation of New York State Penal Law; aggravated unlicensed operation of a motor vehicle in the second degree, in violation of New York State Vehicle and Traffic Law; and failing to provide truthful information to his probation officer, in violation of the standard conditions of probation. We assume the parties' familiarity with the underlying facts and procedural history of this case, and with the issues raised on appeal.

■ McGowan argues that his right to confront adverse witnesses under Federal Rule of Criminal Procedure 32.1 was violated at his revocation hearing because the 12–year–old girl who was the subject of the stalking charge did not testify. In considering whether a defendant has the right to confront adverse witnesses under Rule 32.1, the "district court must balance the defendant's right of confrontation with the government's grounds for not allowing confrontation and with the reliability of the evidence offered by the government." *United States v. Chin,* 224 F.3d 121, 124 (2d Cir.2000) (citation omitted). "We review [a district] court's balancing of the Rule 32.1 factors for abuse of discretion." *United States v. Williams,* 443 F.3d 35, 46 (2d Cir.2006); *see generally United States v. Jones,* 299 F.3d 103, 110, 112–14 (2d Cir.2002).

We conclude that the district court did not abuse its discretion in deciding that the Rule 32.1 factors weighed against requiring the victim, who reported that, while waiting for a school bus, she had been solicited to enter a red Hummer, to testify. By observing that the victim was a "12–year–old child" who had been "solicited to enter a car," the district court implicitly found that the victim's age and the suggestive nature of the offense weighed in favor of not requiring her testi-

mony. *See Jones,* 299 F.3d at 113. The court found that bringing the child in to testify was not necessary, pointing out that she had been unable to pick McGowan's picture out of a photographic array and that the trustworthiness of the hearsay testimony that she had been solicited to enter a red Hummer was shown by ample circumstantial evidence, including multiple surveillance photographs, records from McGowan's electronic monitoring device, McGowan's own admissions that he had been driving a red Hummer at the time and place of the incident, and the fact that the child had promptly reported the solicitation to the school bus driver and then to school officials and her parents. The district court did not abuse its discretion in concluding that the victim was not required to testify.

■ McGowan also argues that the two-year sentence imposed by the district court was excessive and should be reduced because the stalking offense of which the district court found him guilty carries a maximum sentence of one year under New York law. This argument is without merit. First, it ignores the other two offenses of which McGowan was found guilty. And second, a sentence for violation of supervised release is "not intended to be a sanction for [the defendant's] conduct, but rather for the 'breach of trust' committed against the District Court." *United States v. Sweeney,* 90 F.3d 55, 57 (2d Cir.1996), *abrogated on other grounds as recognized in United States v. Fleming,* 397 F.3d 95, 99 n. 5 (2d Cir.2005). A comparison between sentences under state and federal law "need not be determinative," and the district court has "broad discretion to revoke its previous sentence and impose a term of imprisonment" up to the statutory maximum, in this case two years. *Id.; see* 18 U.S.C. § 3583(e)(3). We conclude that the district court did not abuse that discretion in this case.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.