14-522-cr
United States v. Fernandez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 28th day of January, two thousand fifteen.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                 *Appellee*,


              v.                                              14-522-cr

JULIO FERNANDEZ, AKA Jose Fernandez,

                 *Defendant-Appellant*.

_____

Appearing for Defendant-Appellant:   Yuanchung Lee, Federal Defenders of New York, Inc.,
                                      Appeals Bureau, New York, N.Y.

Appearing for Appellee:               Sean S. Buckley and Karl N. Metzner, Assistant United
                                      States Attorneys (Preet Bharara, United States Attorney,
                                      Southern District of New York, *on the brief*), New York,
                                      N.Y.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Julio Fernandez appeals from a February 10, 2014 amended judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*) revoking his supervised release and sentencing him to nine months' imprisonment and an additional two-year term of supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Fernandez argues that the district court erred in permitting an undercover police officer to testify during his revocation of supervised release hearing while wearing sunglasses and a hat, using an undercover identification number ("UC 306"), and sitting behind an opaque screen blocking the officer from public view. Fernandez contends that this arrangement violated both his right of confrontation and his right to a public hearing, to the extent these rights apply in the context of a revocation hearing. For the reasons discussed below, we find both contentions unavailing.

First, we find justified any interference with Fernandez's right of confrontation, as applicable during a revocation hearing. Even assuming that the manner of UC 306's testimony would constitute an interference with Fernandez's Sixth Amendment right of confrontation if this were a criminal trial, *but see Morales v. Artuz*, 281 F.3d 55, 62 (2d Cir. 2002) (expressing "doubt" that permitting a witness "to testify behind dark sunglasses [is] contrary to constitutional law established by the Supreme Court"), we have held that "the Confrontation Clause of the Sixth Amendment does not apply to supervised-release revocation hearings," *United States v. Williams*, 443 F.3d 35, 45 (2d Cir. 2006). Instead, "the Federal Rules of Criminal Procedure provide that in such a hearing the judge must give the defendant 'an opportunity . . . to question any adverse witness, unless the judge determines that the interest of justice does not require the witness to appear.'" *Id.* (quoting Fed. R. Crim. P. 32.1(b)(2)(c)). The "interest of justice" determination under Rule 32.1 requires the district court to "balance the defendant's right of confrontation with the government's grounds for not allowing confrontation and with the reliability of the evidence offered by the government." *United States v. Chin*, 224 F.3d 121, 124 (2d Cir. 2000) (internal citation omitted).

"We review a district court's balancing of the Rule 32.1 factors for abuse of discretion." *United States v. Carthen*, 681 F.3d 94, 100 (2d Cir. 2012). To the extent UC 306's use of sunglasses and a hat and his testimony under a pseudonym limited the scope of Fernandez's opportunity for confrontation, we find no abuse of discretion in the district court's decision to permit such limitations. The district court noted the risk to UC 306's safety and usefulness as an undercover officer from his testimony, as UC 306 continued to work in an undercover capacity and had recently been injured in the line of duty due to suspicions regarding his undercover status. In addition, the district court noted that these conditions on UC 306's testimony would not affect its ability to assess his credibility during the revocation hearing. In light of these conclusions, we find no abuse of discretion in permitting UC 306 to testify in partial disguise and using his undercover identification number.

Second, we reject Fernandez's argument that the district court infringed any applicable right to a public hearing by permitting UC 306 to testify behind a screen blocking him from public view. Even assuming for purposes of this appeal that the right to a public trial applies in the context of a revocation hearing, and that the use of an opaque screen blocking a witness from public view constitutes a "partial closure" of the courtroom rather than an "alternative to closure," Fernandez's public hearing challenge still fails.

To assess the propriety of a courtroom closure, we look to the four-part test set out in *Waller v. Georgia*, 467 U.S. 39, 48 (1984). *See Rodriguez v. Miller*, 537 F.3d 102, 108 (2008) (describing *Waller* "as a rule of general applicability in the courtroom closure context."). Under this standard, "[1] the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, [2] the closure must be no broader than necessary to protect that interest, [3] the trial court must consider reasonable alternatives to closing the proceeding, and [4] it must make findings adequate to support the closure." *Waller*, 467 U.S. at 48.

Here, we find all four requirements of *Waller* satisfied. First, "[i]t is clear that the State has an 'overriding interest' in protecting the identity of its undercover officers." *Rodriguez*, 537 F.3d at 110. Second, any closure here was no broader than necessary, as the use of the screen lasted only for the duration of UC 306's testimony and, although the general public could not see UC 306, it was not barred from listening to or viewing transcripts of his testimony. *See Bowden v. Keane*, 237 F.3d 125, 129–30 (2d Cir. 2001) (noting that whether a closure is broad or narrow depends on factors including its duration, whether transcripts of the closed proceedings are made available, and whether the closure applied to selected persons or the entire public). Third, prior to permitting UC 306's testimony behind a screen, the district court considered and rejected the reasonable alternative of admitting hearsay testimony from UC 306, as permitted by Fed. R. Crim. P. 32.1, concluding that live testimony from UC 306 was preferable to reliance on hearsay evidence. Finally, the district court "ma[d]e findings adequate to support the closure," *Waller*, 467 U.S. at 48, concluding that the use of a screen was appropriate in light of safety concerns associated with disclosure of UC 306's identity, including his continued work as an undercover officer as well as his recent injury in the line of duty due to suspicions regarding his undercover status. Although the district court's analysis on this final point certainly could have been more fulsome, its findings are sufficient to support the district court's limited closure of the courtroom, if what was done constituted closure at all. *See Ayala v. Speckard*, 131 F.3d 62, 70 (2d Cir. 1997) ("the more extensive is the closure requested, the greater must be the gravity of the required interest and the likelihood of risk to that interest.").

We have considered the remainder of Fernandez's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk