**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 19 2001**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL L. DISNEY,

Defendant-Appellant.

No. 00-2195

Appeal from the United States District Court
for the District of New Mexico
(D.C. No. CR-96-547-MV)

**Submitted on the Briefs:**

Norman C. Bay, United States Attorney, David N. Williams, Assistant United
States Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.

Michael G. Katz, Federal Public Defender, James P. Moran, Assistant Federal
Public Defender, Denver, Colorado, for Defendant-Appellant.

Before **HENRY, BRISCOE,** and **MURPHY,** Circuit Judges.

**MURPHY**, Circuit Judge.

On September 18, 1996, appellant Michael Disney was charged in a seven-count indictment with narcotics and firearms violations. Disney pleaded guilty to five of the counts and was sentenced to serve twenty-one months in prison. In addition, the sentencing court imposed a three-year term of supervised release, to commence upon Disney's release from incarceration. As a condition to the term of supervised release, Disney was prohibited from committing another federal, state, or local crime. [1]

On the night of February 26, 1999, while serving his term of supervised release, Disney met Charles Haycox at a bar. Haycox is an officer with the Bernalillo County Sheriff's Department. In the course of the conversation, Disney discovered that Haycox was acquainted with Michael Marshall. Marshall is an agent with the Drug Enforcement Administration and was involved in Disney's arrest and conviction. Disney asked Haycox for Marshall's home address and the birth date of Marshall's wife. Haycox testified that Disney stated, "[D]o you know what I wish for more than anything in the world. . . . To have Mike Marshall's home address and his wife's birth date so I could send

---

[1]After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

them a Christmas card and, also, just so Mike Marshall knows that I know where he lives." Haycox contacted Marshall and informed him of Disney's request.

On June 4, 1999, the government filed a Petition for Revocation of Supervised Release. In the petition, the government alleged that Disney had violated 18 U.S.C. § 111(a) and thereby had violated the terms of his supervised release. The district court granted the government's petition, revoked Disney's supervised release, and sentenced him to ten months' imprisonment. In addition to the term of incarceration, Disney was sentenced to a one-year term of supervised release. Disney filed this appeal challenging the district court's decision to revoke his term of supervised release. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **reverses**.

"The district court must find by a preponderance of the evidence that the defendant violated a condition of his supervised release." *United States v. Hall*, 984 F.2d 387, 390 (10th Cir. 1993). This court reviews a district court's decision to revoke supervised release for abuse of discretion. *See United States v. Reber*, 876 F.2d 81, 83 (10th Cir. 1989). Legal questions relating to the revocation of supervised release are reviewed *de novo*. *See United States v. McAfee*, 998 F.2d 835, 837 (10th Cir. 1993). A district court necessarily abuses its discretion when it makes an error of law. *See Koon v. United States*, 518 U.S. 81, 100 (1996).

In the Petition for Revocation of Supervised Release, the government alleged as follows:

> On February 26, 1999, Michael Disney approached a Drug Enforcement Task Force Officer and attempted to solicit information regarding personal information on Drug Enforcement Agen[t] Mike Marshall regarding his home address and his wife's date of birth. Mr. Marshall was a witness in Mr. Disney's underlying offenses of conviction. He attempted to obtain this information in an attempt to intimidate DEA agent Marshall. This act is in violation of 18 USC 111(a).

Section 111(a) makes it a crime to forcibly assault, resist, oppose, impede, intimidate, or interfere with an officer or employee of the United States while that individual is engaged in or on account of the performance of official duties. *See* 18 U.S.C. § 111(a). The district court first concluded that a threat of physical force is sufficient to constitute a violation of 18 U.S.C. § 111(a). The court then relied on this court's decision in *United States v. Martin*, 163 F.3d 1212 (10th Cir. 1998), to reach the conclusion that the threat of force need not be present or direct. The court then analyzed Disney's conduct and concluded that it constituted a violation of § 111(a).

In *Martin*, the defendant was charged with violating 18 U.S.C. § 115(a)(1)(B), a statute which, *inter alia*, makes it a crime to threaten to murder a federal law enforcement officer. *See Martin*, 163 F.3d at 1213. On appeal, the defendant first argued that the officer to whom his threat was directed was not a federal law enforcement officer within the meaning of 18 U.S.C. §§ 115 and

-4-

1114.[2]  This court, however, rejected the defendant's argument and concluded that a local law enforcement officer, deputized to participate in federal investigations, was covered under 18 U.S.C. § 115.  *See Martin*, 163 F.3d at 1215.  In reaching this conclusion, the court relied in part on cases involving 18 U.S.C. § 111, the statute at issue here.  *See id*. The *Martin* court then held that a violation of 18 U.S.C. § 115(a)(1)(B) can occur when a threat is made outside the presence of the individual who is the object of the threat.  *See id*. at 1216-17.

The government relies on *Martin* for the proposition that Disney's conduct constituted a violation of § 111(a) even though Disney did not have the present ability to actually harm Marshall.  The district court extended the holding in *Martin* to § 111(a) based on the court's belief that the *Martin* court held that § 115(a)(1)(B) and § 111(a) are analogous.  Contrary to the district court's interpretation, however, *Martin*'s treatment of § 111 was limited solely to analyzing § 111 cases in which the defendant challenged an officer's status as a federal officer.  *See id*. at 1215 ("Thus, we can look to § 111 decisions for guidance in determining whether Detective O'Rourke was a federal officer under § 115.").

---

[2]Disney does not challenge Agent Marshall's status as a federal officer.

Section 111(a) makes it a crime to *forcibly* assault or intimidate a law enforcement officer.[3] In contrast to § 111(a), § 115(a)(1)(B) does not contain any language requiring an element of force.[4] We agree with the Second Circuit that the word "forcibly," as used in § 111(a) "should not be construed as excess verbiage" and "ought to limit the proscribed acts to fewer than would fit the definition of the unmodified verbs alone." *United States v. Bamberger*, 452 F.2d 696, 699 (2d Cir. 1971). The use of the word forcibly in § 111(a) narrows the

[3]18 U.S.C. § 111(a) provides as follows:

**(a) In general.**—Whoever—
> **(1)** forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties;

. . .

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than three years, or both.

[4]18 U.S.C. § 115(a)(1)(B) reads:

Whoever—
> **(B)** threatens to assault, kidnap, or murder, a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under such section,

with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties, shall be punished as provided in subsection (b).

conduct prohibited by § 111(a) such that conduct sufficient to constitute a violation of § 115(a)(1)(B) is not necessarily sufficient to constitute a violation of § 111(a). We reject the government's argument that § 111(a) criminalizes threats made outside the presence of the individual who is the object of the threat. To hold otherwise would be tantamount to concluding that both § 111(a) and § 115(a)(1)(B) prohibit identical conduct, thus giving no effect to the word "forcibly" as used in § 111(a). We join our sister circuits in concluding that, "[i]f the 'force' element [of 18 U.S.C. § 111(a)] is to be established by proof of threats rather than by proof of actual touching, the threat must have been of immediate harm." *United States v. Walker*, 835 F.2d 983, 987 (2d Cir. 1987); *see also United States v. Farrow*, 198 F.3d 179, 185-86 (6th Cir. 1999); *United States v. Cunningham*, 509 F.2d 961, 963 (D.C. Cir. 1975); *United States v. Johnson*, 462 F.2d 423, 428 (3rd Cir. 1972); *Burke v. United States*, 400 F.2d 866, 868 (5th Cir. 1968).

Disney does not argue that § 111(a) requires the actual use of force against Agent Marshall. Nor does he challenge the district court's finding that his conduct constituted a threat. He does argue, however, that his conduct did not constitute a violation of § 111(a) because any threat he made was not coupled with a present ability to inflict harm on Agent Marshall. We agree. There is no evidence in the record that Disney had the present ability to harm Agent Marshall

at the time he made the threat against him. Thus, Disney's conduct did not constitute a violation of 18 U.S.C. § 111(a). Because the sole basis advanced by the government to support the revocation of the term of supervised release was Disney's alleged violation of § 111(a), the district court did not analyze whether Disney's conduct constituted a violation of § 115(a)(1)(B). Accordingly, the court made no findings on that issue and we likewise express no opinion thereon.

Based on an error of law, the district court erroneously concluded that Disney's conduct constituted a violation of 18 U.S.C. § 111(a). The court thus abused its discretion when it revoked Disney's term of supervised release and sentenced him to ten months' incarceration to be followed by a one-year term of supervised release. Accordingly, this court **reverses** the district court's order revoking Disney's supervised release and **remands** to the district court to vacate the sentence Disney received as a result of the revocation. Disney has also filed a motion to supplement the record on appeal with a state court order. The state court order is irrelevant to this appeal and Disney's motion is **denied**.