**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ORLANDO REED,

Defendant-Appellant.

No. 00-5230
(D.C. No. 98-CR-84-C)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **PORFILIO**, and **ANDERSON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On August 17, 1998, defendant Orlando Reed entered a guilty plea to one count of conspiring to defraud the United States under 18 U.S.C. § 371, a Class D felony under 18 U.S.C. § 3559(a)(4). He was subsequently sentenced to serve twenty-two months in prison. The district court also imposed a three-year term of supervised release, to commence upon Reed's release from prison. Reed served his prison sentence, and his term of supervised release commenced on February 11, 2000.

On August 3, 2000, the government filed a petition to revoke Reed's supervised release. In the petition, the government alleged that Reed violated the terms of his supervised release by possessing a firearm and by physically assaulting another person. Specifically, the government alleged that, on July 15, 2000, Reed forcibly entered the residence of Audra Jones in Bristow, Oklahoma, and he physically assaulted Ms. Jones and threatened her and another individual, Jeff Williams, with a firearm. After hearing evidence on September 28 and October 10, 2000, the district court found that, while the evidence was conflicting, the more credible evidence established that Reed did in fact assault Audra Brown and threaten her and Mr. Williams with a firearm. The district court therefore revoked Reed's supervised release, and he was sentenced to serve two years in prison under 18 U.S.C. § 3583(e)(3). Two years is the maximum

sentence permitted under § 3583(e)(3) for a revocation of supervised release where the underlying crime is a Class D felony.

On appeal, Reed alleges that the district court erred because there was insufficient evidence to find that he violated the terms of his supervised release. Reed also alleges that the district court erred in sentencing him to the maximum sentence allowed by law. We reject both of Reed's contentions, and we affirm both the revocation of his supervised release and the sentence imposed.

To revoke a term of supervised release, the district court must find by a preponderance of the evidence that the defendant violated a condition of his release. 18 U.S.C. § 3583(e)(3); *United States v. Disney*, ___ F.3d ___, No. 00-2195, 2001 WL 686510, at * 1 (10th Cir. June 19, 2001). As the trier of fact in a revocation proceeding, the district court has the exclusive function of appraising the credibility of the witnesses, determining the weight to give their testimony, and resolving any conflicts in the evidence. *United States v. Leach*, 749 F.2d 592, 600 (10th Cir. 1984). This court reviews a district court's decision to revoke a term of supervised release for abuse of discretion, and the district court's factual findings for clear error. *Disney*, 2001 WL 686510 at *1; *United States v. Hall*, 984 F.2d 387, 390 (10th Cir. 1993). In reviewing the sufficiency of the evidence, we must also view the evidence, and all reasonable inferences

to be drawn therefrom, in the light most favorable to the government. *Leach*, 749 F.2d at 600.

Here, the government presented testimony from two witnesses to support the charges against Reed of assault and possession of a firearm. First, the government presented testimony from Sergeant John Davis, the police officer from the Bristow County Sheriff's Department who responded to the scene of the assault on July 15, 2000, and investigated the incident. Second, the government presented testimony from Jeff Williams, the other individual who was threatened with the firearm. To counter the government's witnesses, Reed then put forth testimony from two witnesses, Shayla White and Nicole White, to support an alibi defense. However, the district court found that Reed's alibi witnesses lacked credibility, and it chose instead to believe the testimony of Sergeant Davis and Jeff Williams. We hold that the district court's credibility and other factual determinations were not clearly erroneous and that the revocation of Reed's supervised release was therefore not an abuse of discretion.

Further, it was not error for the district court to permit Sergeant Davis to testify as to certain hearsay statements made by the victim of the assault, Audra Brown. To the contrary, it is well established that a district court can rely on reliable hearsay testimony at a revocation hearing, *see United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994); *United States v. Waters*, 158 F.3d 933, 940

(6th Cir. 1998), and the district court specifically found that Sergeant Davis "was a very reliable witness." R., Vol. IV, at 14. The district court's assessment of Sergeant Davis' reliability was not clearly erroneous.[1]

Finally, "[i]n reviewing the specific sentence of imprisonment imposed by the district court after revocation of defendant's supervised release and the court's explanation for that sentence, we will not reverse if it can be determined from the record to have been reasoned and reasonable." *United States v. Lee*, 957 F.2d 770, 774 (10th Cir. 1992).[2] We hold that the district court's imposition of the maximum sentence of two years under 18 U.S.C. § 3583(e)(3) was reasonable given the violent nature of the crime at issue, the need to afford

---

[1] We note that the Federal Rules of Evidence do not apply to proceedings to revoke a term of supervised release. Fed. R. Evid. 1101(d)(3); *Frazier*, 26 F.3d at 113-14. However, a due process violation may occur if a district court relies on unreliable hearsay or fails to properly balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation. *Frazier*, 26 F.3d at 114. There was no due process violation in this case, however, since the hearsay testimony was reliable, and Reed's inability to confront Audra Brown was not the fault of the government. Instead, the government subpoenaed Brown to testify at the revocation hearing, but she failed to appear at the hearing.

[2] As the district court found, under the advisory policy statement in USSG § 7B1.4(a), the recommended range of imprisonment for Reed, based on a criminal history category of VI and a grade A violation, was 33 to 41 months. However, under 18 U.S.C. § 3583(e)(3), two years is the maximum prison sentence that can be imposed upon the revocation of supervised release for a Class D felony, and the policy statement provides that the statutory maximum sentence shall not be exceeded. *See* USSG § 7B1.4(b)(1); R., Vol. V, at 4.

adequate deterrence to criminal conduct, and the need to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a); *United States v. White*, 244 F.3d 1199, 1204 (10th Cir. 2001).[3]

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Chief Circuit Judge

---

[3] While the district court did not expressly consider these factors or set forth the reasons for the sentence it imposed, *see Lee*, 957 F.2d at 775-76 (setting forth sentencing factors that district court must consider after revoking a term of supervised release and noting that "sentencing court should state the reasons for its actions"), this was harmless error given the fact that the imposition of a two-year sentence for a violent assault and possession of a firearm was reasonable and justified by the record in this case.