**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL JAMES BARBIERI,

    Defendant - Appellant.

No. 02-3179
D.C. No. 98-CR-10060-01-JTM
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO** and **HARTZ**, Circuit Judges.

In January of 1999, Defendant Michael J. Barbieri was sentenced to eighteen months of confinement and two years of supervised release following his conviction for one count of wire fraud in violation of 18 U.S.C. § 1343. (ROA I at Doc. 20.) On June 5, 2000, defendant began his term of supervised release.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(ROA II at 2.)  On May 13, 2002, a warrant was issued for his arrest alleging that he had violated the conditions of that release.  (ROA I at Doc. 23.)

At the revocation hearing held on May 22, 2002, defendant admitted to six Grade C violations of his supervised release, including leaving the judicial district without the permission of the court or his probation officer and lying to his probation officer.  (ROA II at 4-12.)  For these violations, defendant could have faced up to two years in prison.  See 18 U.S.C. § 3583(e)(3).  The applicable sentencing guideline, U.S.S.G. §  7B1.4(a), recommended three to nine months.  The district court sentenced defendant to 12 months (ROA II at 21), stating that such a sentence would "provide some deterrence from subsequent behavior and certainly, I think, Mr. Barbieri, will provide some punishment in a way that you haven't quite experienced in this case."  (ROA II at 14.)  Defendant appealed.  (ROA I at Doc. 37.)

On appeal, defendant does not dispute that he violated the terms of his supervised release.  Rather, he contends that the district court, in making its sentencing determination, wrongly relied on undisclosed evidence.  His argument is based on the following two comments made by the district court prior to its sentencing of defendant:

> I understand there's a possibility of another investigation based on some of the transfers that have been made.  There's information that's not contained in the violation report at the request of your family because they didn't want it being part of the record here.  So, frankly, Mr. Barbieri, it's my

intention, having considered the nature and circumstances of your violations and the way that you have continued to operate virtually since the time that you went on supervised advised release, to revoke you and to incarcerate you for 12 months and after that time to release you with absolutely no restrictions at all.

(ROA II at 13.)

Mr. Barbieri, to be perfectly candid with you, my primary concern is that you kind of viewed this process as some challenge. I think Probation was just lucky when it chanced upon some of the information that it got. I mean, what I'm telling you–I'm not revoking you based on this thought, but it certainly colors my thinking with respect to you. I just have this sense that there were other financial transactions that Probation's not aware of, that I'm not aware of. I can't use those, as I say, as a basis for your disposition here, but you were around money long enough that I think you know how to deal with it in ways that you're not going to be detected very easily. I am concerned, given some of the financial information that's been available, that maybe you're drinking more than you ought to be. I'm concerned that perhaps you have a gambling problem. I can't explain some of the things that appear in the report, but, again, those aren't factors in where we are today. They're just things that are kind of ringing in the back of my mind as I think about what to do with you.

(ROA II at 19.)

We review a district court's decision to revoke supervised release for an abuse of discretion. United States v. Disney, 253 F.3d 1211, 1213 (10th Cir. 2001). If the district court imposes a sentence that exceeds the applicable Sentencing Guideline, "we will not reverse if it can be determined from the record to have been reasoned and reasonable." United States v. Hurst, 78 F.3d 482, 483 (10th Cir. 1996) (internal quotation marks and citation omitted).

We are troubled by the district court's comments.  The Supreme Court has flatly stated that a defendant confronting the revocation of his probation has a right to "written notice of the claimed violations of his probation" and "<u>disclosure of the evidence against him</u>."  <u>Black v. Romano</u>, 471 U.S. 606, 612 (1985) (emphasis added).  It would be neither constitutional nor "reasoned and reasonable" for a district court to rely on evidence outside the record when terminating a defendant's supervised release and resentencing him to incarceration.  If we believed that the district court did, in fact, base its decision on such reasoning, we would vacate its decision and remand for resentencing.[1]

After a careful review of the record, however, we are convinced that the district court's comments do not indicate that the court based its decision on matters outside the record.  The defendant admitted to six violations of the terms of his supervised release; on that basis alone, it was "reasoned and reasonable" for the court to impose the sentence that it did.

The court's own statements bolster this conclusion.  Before making the first of its two questionable statements, the court said, "Having reviewed this report, seen what your history is, Mr. Barbieri, I am not satisfied that you would not act in exactly the same manner if I continue your supervised release for some very,

---

[1]We do not here address whether such error could be harmless under <u>Chapman v. California</u>, 386 U.S. 18 (1967), as the government failed to raise that argument in its brief on appeal.

very lengthy period of time. I think it would be the same thing over and over again." (ROA II at 12-13.) Then, shortly after making that first questionable statement, the court repeated its concern that defendant would not honor the terms of supervised release: "You weren't free, but you tended to act like you were. I don't have any reason to think that you would do otherwise in the future." (Id. at 14.) These statements indicate that the court based its decision not on undisclosed evidence, but on a legitimate concern–based on defendant's confessed six violations of his first release–that defendant would not honor the terms of another supervised release.

When it made the second questionable statement regarding its belief that the defendant might have violated more terms of his supervised release than his probation officer was aware of, the court specifically noted that "I can't use those, as I say, as a basis for your disposition here" and "those aren't factors in where we are today." That indicates that the court's musings, although improper, did not constitute the basis of its decision. Finally, after it made that statement and while it delivered its final ruling, the court said that defendant had committed enough violations to "show enough of a pattern to me to give me concern about your ability to toe-the-line for any period of time should you be placed back on supervised release. So, it is my intention still to put you in the custody of the Bureau of Prisons for 12 months." (Id. at 20.) Again, we believe this statement

demonstrates that the court based its decision about defendant's possible recidivism on the uncontested six violations of his release, not on evidence outside the record.

In conclusion, we find that the district court did not abuse its discretion and that its decision was "reasoned and reasonable." We AFFIRM the decision of the district court.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge