**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 11 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JANET LYNN HOSSACK,

Defendant-Appellant.

No. 03-8015
(D.C. No. 97-CR-60-02-D)
(D. Wyoming)

**ORDER AND JUDGMENT** *

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

Defendant Janet Lynn Hossack appeals from the revocation of her

supervised release. We review a district court's revocation of supervised release

for abuse of discretion. *United States v. Disney*, 253 F.3d 1211, 1213 (10th Cir.

2001). To revoke Defendant's supervised release, the district court had to find by

---

*After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

a preponderance of the evidence that Defendant had violated a term of that release. *See id.* Defendant contends that there was insufficient evidence of an intentional violation. In determining whether the trial court's decision was sufficiently supported by the evidence, "we must view all of the evidence, both direct and circumstantial, and all reasonable inferences to be drawn therefrom, in the light most favorable to the Government," *United States v. Leach*, 749 F.2d 592, 600 (10th Cir. 1984), keeping in mind that it is the exclusive function of the trial court, as the trier of fact, to appraise the credibility of witnesses, determine the weight to be given their testimony, draw inferences from that testimony, and reach conclusions with respect to the facts, *id.* Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Defendant pleaded guilty to drug-related charges and received a sentence of 30 months in prison followed by a four-year term of supervised release. After violating the terms of her supervised release, Defendant was sentenced to seven months' imprisonment followed by two additional years of supervised release. When police discovered an escaped prisoner, Mr. Mike Haddock, at Defendant's home, she was accused of violating a provision of her second supervised release—that she "not associate with any persons engaged in criminal activity, . . . [or] any person convicted of a felony unless granted permission to do so by the

probation officer." Defendant's supervised release was again revoked and she was sentenced to nine months' imprisonment.

At the revocation hearing, Deputy U.S. Marshal Jerry Lyon testified that during his investigation of Mr. Haddock's escape, he visited a residence at which the prisoner had been staying. There, he discovered two phone voice messages: "Mike, this is Janet. Give me a call," and "Mike, Janet. Call me." The Deputy testified that he recognized the voice on the machine as that of Defendant. The Deputy also determined that both calls came from a number registered to Defendant's employer. Thereafter, Mike Haddock was arrested at Defendant's home.

Defendant testified at the hearing. She said that someone had tried to reach her at her father's home. By looking at her father's caller ID, she determined the number that the call must have come from, called the number, and left her contact information. She testified that Mike Haddock returned her call and asked to see her, but she refused. That same night, while watching the evening news, she discovered that Mike Haddock had escaped from prison. She admitted that after having made that discovery, she made several unsuccessful attempts to get in contact with Mr. Haddock, despite her probation officer's warnings about associating with felons. She testified that she wanted to contact Mr. Haddock so that she could tell him to turn himself in. Thereafter, Mr. Haddock was

apprehended at Defendant's home. Defendant testified that she had not invited Mr. Haddock. Instead, her daughter claimed that she, not Defendant, had invited Mr. Haddock into the home, apparently to wait for Defendant.

The district court concluded that Defendant had violated the terms of her supervised release. Because her own testimony indicated that she knew that she was not permitted to associate with felons but nevertheless attempted to contact Mr. Haddock after hearing that he had recently escaped from prison, the district court found it unnecessary to consider the testimony of the other witnesses.

On appeal Defendant contends that the district court's order of revocation is not supported by sufficient evidence because her contact with the prisoner was inadvertent. Specifically, she claims that (1) she did not initially know that Michael Haddock was trying to contact her, (2) when Mr. Haddock contacted her, it was a complete surprise, and (3) although Mr. Haddock was found in her home, she did not know he was there and had not invited him.

We agree with the district court that Defendant's own testimony—that she knew she was not to associate with criminals and that she nevertheless contacted Mr. Haddock after having learned that he was an escaped prisoner—especially when viewed in the light most favorable to the government, adequately supports a finding by the preponderance of the evidence that Defendant willfully violated a condition of her supervised release.

We AFFIRM the district court judgment.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge