**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 13-2063 |
| | (D.Ct. No. 2:10-CR-01453-JBM-2) |
| | (D. N.M.) |
| CRYSTAL MARIE PENA, | |
| Defendant-Appellant. | |

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Crystal Marie Pena appeals her nine-month sentence following revocation of her supervised release. She asserts the district court abused its

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

discretion in imposing a sentence at the high end of the advisory United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range, which she claims resulted in a procedurally and substantively unreasonable sentence. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Ms. Pena's nine-month term of imprisonment.

## I. Factual and Procedural Background

On August 11, 2010, Ms. Pena pled guilty to conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. On November 18, 2010, the district court sentenced her to 195 days imprisonment or time served, whichever is less, and two years supervised release, premised on general and special conditions of supervision. Her supervised release began that day. Seven months later, on June 10, 2011, the government filed a petition for revocation of her supervised release, alleging noncompliance with the conditions of her release, including failure to (1) report for urine testing on at least three occasions; (2) respond to her probation officer's attempts to contact her; (3) submit her monthly report; and (4) notify her probation officer of a change in her employment, as evidenced by the fact her employer had not seen or heard from Ms. Pena for two weeks and could not locate her. At a revocation hearing on August 25, 2011, Ms. Pena admitted to all the violations alleged, resulting in the probation officer recommending a Guidelines sentence of nine months imprisonment. While the district court revoked her supervised release, it sentenced her to only three

months incarceration and eighteen months supervised release, pointing out it was her first violation of the terms of her supervised release.

On April 1, 2013, at another revocation hearing, the district court again found Ms. Pena in violation of her supervised release after her admission to violating the conditions of her release, including absconding from supervision and failing to report a change in employment, submit her monthly report, and participate in and successfully complete a substance abuse treatment program. A Grade C violation, together with her criminal history category of I, resulted in a recommended Guidelines range of three to nine months imprisonment. At the hearing, Ms. Pena's counsel conceded this was the applicable Guidelines range and requested a three-month sentence following revocation. While he acknowledged Ms. Pena should have contacted her probation officer to work out any difficulties she had in complying with the conditions of her supervised release, he explained she had a five-month-old baby and quit her minimum wage job to move fifty miles away to live with her brother so he and her aunt could assist in the care of her child. The government did not object to a sentence at the low end of the Guidelines range or time served, whichever was less.

On finding Ms. Pena in violation of the terms of her supervised release based on her own admissions, and after considering the 18 U.S.C. § 3553(a) sentencing factors and the Chapter Seven Guidelines, the district court determined her ongoing violations justified a sentence at the high end of the advisory

Guidelines range of nine months imprisonment. In support, the district court explained, "this Defendant was not compliant with the treatment services and she absconded from supervision not for the first time, but for a second time." It did not impose a term of supervised release. Neither Ms. Pena nor her counsel made a contemporaneous objection to the sentence or the district court's reasoning for the imposition of a nine-month sentence.

## II. Discussion

On appeal, Ms. Pena suggests the district court imposed a procedurally and substantively unreasonable sentence by imposing a sentence at the high end of the advisory Guidelines range of three to nine months. In support of her argument, she contends "the court erred in finding there was sufficient evidence to impose a sentence at the high end" and notes the government did not object to a lower sentence. She also claims the district court abused its discretion by disregarding her arguments for a low-end sentence, which she contends violated her due process rights, and that a sentence of three months is sufficient and not greater than necessary under the 18 U.S.C. § 3553(a) sentencing factors because she only violated the conditions of her supervised release due to economic difficulties involving her baby. The government opposes the appeal, stating the district court did not abuse its discretion in giving more weight to the fact she committed a second instance of absconding from supervision than the circumstances she claimed caused her violation.

When a person violates the conditions of supervised release, the district court may modify the conditions of release or, as in this case, revoke the term of supervised release and impose prison time. *See United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004); 18 U.S.C. § 3583(e)(2) and (3); Fed. R. Crim. P. 32.1(b); U.S.S.G. § 7B1.3(a)(2). In imposing a sentence following revocation of supervised release, the district court is required to consider both the Guidelines Chapter Seven policy statements as well as the factors provided in 18 U.S.C. § 3553(a).[1] *See United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006). "The court may, after considering the factors set forth in" § 3553(a)(1)-(7), "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense ...." 18 U.S.C. § 3583(e)(3). To revoke a term of supervised release, the district court must find by a preponderance of the evidence the defendant violated a condition of that release. *See* 18 U.S.C. § 3583(e)(3); *United States v. Disney*, 253 F.3d 1211, 1213 (10th Cir. 2001). Generally, we will not reverse a sentence following revocation of supervised release if the record establishes the sentence is

---

[1] With respect to the sentencing factors, they include not only "the nature of the offense" but the history and "characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect the public, and to provide the defendant with needed training or treatment ...." *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006); 18 U.S.C. § 3553(a). The Chapter Seven policy statements apply to violations of probation and supervised release and include advisory guideline ranges for sentences following revocation of supervised release. *See generally* Ch. 7 and U.S.S.G. §§ 7B1.3 and 7B1.4.

"reasoned and reasonable." *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005).

Our appellate review for reasonableness includes both a procedural component as well as a substantive component, which we review for an abuse of discretion. *See United States v. Ruby*, 706 F.3d 1221, 1225 (10th Cir. 2013). We review the district court's factual findings for clear error and its legal conclusions de novo. *Id.* However, in instances, like here, where objections to procedural reasonableness are not contemporaneously raised, we review them for plain error.[2] *Id.* at 1225-26.

"Procedural reasonableness addresses whether the district court incorrectly calculated or failed to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008). On the other hand, "[a] challenge to the sufficiency of the § 3553(a) justifications relied on by the district court implicates the substantive reasonableness of the resulting sentence." *United States v. Smart*, 518 F.3d 800, 804 (10th Cir. 2008).

We review Ms. Pena's procedural reasonableness argument for plain error

---

[2] Under our plain error review, Ms. Pena must demonstrate: (1) there is an error; (2) that is plain; (3) which affects her substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Ruby*, 706 F.3d at 1225-26.

because she did not make a contemporaneous argument before the district court. However, regardless of which standard of review we apply, she cannot prevail. In this case, Ms. Pena does not contest the fact that the advisory Guidelines range for her sentence on revocation is three to nine months imprisonment, thereby conceding to the proper calculation of her Guidelines range. Instead, she argues the district court failed to consider her arguments in support of a lower sentence, resulting in violation of her due process rights and a procedurally unreasonable sentence. We disagree. It is clear the district court, which listened to her counsel's arguments, considered but rejected her proffered grounds in support of a lower sentence. Moreover, our review of the record establishes the district court not only correctly calculated the Guidelines sentence, but properly treated the Guidelines as advisory and considered the § 3553(a) factors as well as the Chapter Seven policy statements and did not rely on clearly erroneous facts or fail to adequately explain the sentence. Rather, given Ms. Pena's admissions, the record overwhelmingly supports, by a preponderance of the evidence, the district court's findings of fact she violated the conditions of her supervised release, including absconding from supervision. As a result, the district court did not commit an error, plain or otherwise, and, instead, imposed a procedurally reasonable sentence.

As to Ms. Pena's argument her sentence is substantively unreasonable, she seems to contend, as the government indicates, that the district court erred in

balancing the 18 U.S.C. § 3553(a) factors by giving insufficient consideration or weight to the reasons she offered for a lesser sentence. In reviewing the substantive reasonableness of a sentence, we may not examine the weight a district court assigns to the § 3553(a) factors, and its ultimate assessment of the balance between them, but give deference to its decision the § 3553(a) factors, on a whole, justify the sentence imposed. *See Smart*, 518 F.3d at 808.

In this case, the district court imposed a sentence within the Guidelines range, making it presumptively reasonable and leaving Ms. Pena to rebut such a presumption. *See Kristl*, 437 F.3d at 1054. The district court provided its reasoning for a sentence at the high end of the Guidelines range, explaining Ms. Pena was noncompliant with her substance abuse program and this was the second time Ms. Pena absconded from supervision. Absconding from supervision is a very serious violation of the condition of one's supervised release, and the fact Ms. Pena elected to do it a second time, even after a previous revocation of her sentence on the same grounds, is a sufficiently compelling ground to satisfy us the sentence imposed is "reasoned and reasonable." Moreover, the district court's reasoning for such a sentence is further bolstered by Ms. Pena's failure to provide any reason, either before the district court or on appeal, why she could not advise her probation officer she was leaving her employment and moving away. The fact she had a baby does not excuse her from advising the probation officer of her changed circumstances. As a result, Ms. Pena has not demonstrated her sentence

is substantively unreasonable for the purpose of warranting reversal on appeal.

## III.  Conclusion

Accordingly, we **AFFIRM** Ms. Pena's nine-month term of imprisonment following revocation of her supervised release.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge