**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 9, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

ALONZO WILLIAMSON,

  Defendant - Appellant.

No. 16-2255
(D.C. No. 1:07-CR-01333-JAP-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **EBEL**, and **LUCERO**, Circuit Judges.

Two months after his release from prison, Alonzo Williamson was accused of violating the terms of his supervised release. After two hearings, the district court revoked Williamson's supervised release and imposed additional jail time followed by another term of supervised release. On appeal, Williamson challenges the revocation, arguing the government presented insufficient evidence that he committed the New Mexico crimes of aggravated burglary and receiving or transferring a stolen vehicle.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. Given the preponderance of evidence standard employed at revocation of supervised release hearings, we conclude the district court did not err in finding Williamson knowingly in possession of the stolen vehicle police discovered him in.

## I. Background

Williamson began his three-year term of supervised release on June 2, 2016. Less than two months later, the Probation Office filed a petition for the revocation of his supervised release. The petition alleged six violations of Williamson's conditions of supervised release: (1) failing to keep an appointment with his probation officer; (2) failing to submit to required drug testing on two separate occasions; (3) possessing alcohol; (4) violating state law by committing misdemeanor battery; (5) violating state law by committing felony receiving or transferring a stolen vehicle and felony criminal damage to property; and (6) violating state law by committing felony aggravated burglary.

At the first revocation hearing, the district court found by a preponderance of the evidence that Williamson had violated his conditions of supervised release as alleged in violations 1–5 of the petition. The court also ordered supplemental briefing on violation 6, the aggravated burglary. At the second hearing, the court made several additional factual findings and concluded that Williamson had also violated the terms of his supervised release as alleged in violation 6 of the

Probation Office's petition. The district court sentenced Williamson to 21 months in prison followed by a one-year term of supervised release.

## II. Analysis

A district court must find by a preponderance of the evidence that the defendant violated a condition of his supervised release. *United States v. Disney*, 253 F.3d 1211, 1213 (10th Cir. 2001). Defendants on supervised release are not free citizens at the time of their alleged violations, and do not enjoy: "the presumption of innocence, the right to have [their] guilt adjudicated beyond a reasonable doubt, or many of the procedural protections associated with a formal trial." *United States v. Acosta*, 480 F. App'x. 923, 925 (10th Cir. 2012) (unpublished) (quoting *United States v. Waters*, 158 F.3d 933, 939 (6th Cir. 1998)).[1] On appeal, we review a district court's decision to revoke supervised release for abuse of discretion and review legal questions related to the revocation de novo. *Disney*, 253 F.3d at 1213.

Williamson presents two challenges to the district court's revocation of his supervised release: first, he argues the government presented insufficient evidence that he committed aggravated burglary; and second, he argues the government presented insufficient evidence that he knowingly possessed a stolen vehicle. Williamson agrees that he must succeed on both of his challenges in order to

---

[1] We, of course, cite unpublished decisions only for their persuasive value. Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

change the appropriate sentencing guidelines range. Oral Arg. at 1:40–1:58. Since we conclude the government presented sufficient evidence that Williamson committed the crime of receiving or transferring a stolen vehicle, we need not reach the aggravated burglary claim.

New Mexico's statute criminalizing the receipt or transfer of stolen vehicles requires knowing possession of the stolen vehicle:

> Receiving or transferring a stolen vehicle or motor vehicle consists of a person who, with intent to procure or pass title to a vehicle or motor vehicle as defined by the Motor Vehicle Code that the person knows or has reason to believe has been stolen or unlawfully taken, receives or transfers possession of the vehicle or motor vehicle from or to another *or who has in the person's possession any vehicle that the person knows or has reason to believe has been stolen or unlawfully taken.* . . .

N.M.S.A. § 30-16D-4 (emphasis added). Williamson argues that the government failed to establish that he knew the vehicle at issue was stolen, a required element of the crime. He points out that he made no statements that would have led the officers to believe that he knew the car was stolen or had information relating to the carjacking. He also cites *United States v. Lopez*, No. 14-CR-2207 JP, 2015 U.S. Dist. LEXIS 114445 (D. N.M. June 18, 2015), a District of New Mexico case involving the same statutory provision in which the court concluded there was insufficient evidence that the defendant knowingly possessed a stolen vehicle. (The judge in *Lopez* was also the same district court judge who decided this case.)

In *Lopez*, the court recognized that the defendant's post-arrest statement that he purchased the vehicle in question for $1,000 "strain[ed] credulity," but there was "no corroborating evidence in the record—such as the make and model of the vehicle—that shows Defendant should have been on notice that the $1,000 price tag was a literal steal," and there was no evidence refuting the defendant's story about purchasing the vehicle. *Id.* at *7. The court stated, "[w]hile the government need only prove Defendant knew the vehicle was stolen by a preponderance of the evidence, that does not mean it need not provide *any* evidence of knowledge whatsoever." *Id.* (emphasis added).

But *Lopez* is distinguishable. Here, the government presented evidence that Williamson knew or had reason to believe the vehicle in question was stolen. Indeed, the government made the argument that Williamson knew the vehicle was stolen because Williamson *himself* committed the carjacking. The facts supporting that inference are as follows. The vehicle in question had been reported stolen in a carjacking. There was a temporal and locational nexus between Williamson's battery of his neighbor (violation 4) and the carjacking—Williamson battered his neighbor at 9:54 p.m. on July 23, 2016 at an apartment located on the same street, just eight blocks away from the carjacking, and the carjacking occurred only twenty minutes after the battery. The victim stated the carjacker was a black male who punched him in the face. Williamson was described by his neighbor as a "baldheaded black gentleman," Aple. Br. at

16, and was in an agitated state when he assaulted the neighbor.  Days later, police found Williamson asleep in the stolen vehicle with the key in the ignition, the engine running, and his foot on the brake.  Finally, the vehicle was heavily damaged on both the passenger's and driver's sides and had broken headlights, scratches and dents, and a broken passenger-side door handle.

The district court found by a preponderance of evidence that Williamson knew the vehicle in question was stolen.  After reviewing the facts presented, and the legal issue de novo, we see no error in that conclusion.  The district court's inference of knowing possession is a reasonable interpretation of Williamson's presence in the stolen car, and no other explanation has been offered.  Since Williamson has failed to persuade us on one of his two arguments, his challenge to the revocation of his supervised release fails.

## III.  Conclusion

The district court did not abuse its discretion in finding by a preponderance of the evidence that Williamson violated the terms of his supervised release by knowingly possessing a stolen motor vehicle.  We therefore AFFIRM.


ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge