**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RANDY RAY ECHOLS,

    Defendant-Appellant.

No. 00-2467

(D.C. No. CR-98-992-JP)

(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, ALARCON,**[**] and **ANDERSON**, Circuit Judges.

---

Defendant Randy Ray Echols appeals from a sentence of imprisonment imposed by the district court upon revocation of a previously imposed term of supervised release. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

In December 1998, a federal grand jury indicted Echols and three co-defendants on

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Arthur L. Alarcon, United States Court of Appeals for the Ninth Circuit, sitting by designation.

one count of conspiracy to manufacture or distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of maintaining a place for the manufacture, distribution or use of methamphetamine in violation of 21 U.S.C. § 856 and 18 U.S.C. § 2. On August 2, 1999, Echols pled guilty to one count of conspiracy to manufacture or distribute methamphetamine and was sentenced to a term of imprisonment of one year and one day, to be followed by a three-year term of supervised release. Included among the special conditions of supervised release was the requirement that Echols "participate as directed in a program for substance abuse approved by the U.S. Probation Office, which may include testing to determine whether [Echols] has reverted to the use of alcohol or drugs." ROA, Vol. I, Doc. 144 at 4.

Echols completed his term of imprisonment and was released from confinement on January 20, 2000. A little more than a month later, on March 2, 2000, the government filed a petition to revoke Echols' term of supervised release on the grounds that (1) Echols had failed to report for group counseling on one occasion and for drug analysis testing on four occasions, (2) Echols "tested positive for methamphetamine on January 24, 2000, February 3, 2000, February 15, 2000 and February 28, 2000," and (3) Echols had failed to actively seek employment. Id., Doc. 153 at 1. At a May 3, 2000, hearing on the government's petition, Echols admitted to testing positive for methamphetamine use, and the government withdrew the remaining two alleged violations. At the conclusion of the hearing, the district court revoked Echols' term of supervised release and sentenced

2

him to a three-month term of imprisonment to be followed by a two-year term of supervised release with the same special conditions as originally imposed.

Echols completed the three-month term of imprisonment and was released from confinement on June 27, 2000. Again, a little more than one month later, on August 10, 2000, the government filed another petition for revocation of supervised release. The petition alleged that (1) Echols "failed to report to BI Treatment Center in Los Lunas, New Mexico for group counseling on July 17, 2000 and July 24, 2000 and failed to submit urinalysis testing on July 13, 2000 and July 17, 2000," (2) Echols "failed to report to the Four Winds Residential Treatment Program as instructed on July 13, 2000, and July 17, 2000," (3) Echols tested positive for methamphetamine on June 28, and July 7, 2000," and (4) Echols failed to maintain lawful employment. Id., Doc. 179. On September 28, 2000, the district court conducted an evidentiary hearing on the government's petition. During the hearing, the government withdrew the allegation that Echols had failed to maintain lawful employment, and presented the testimony of Echols' probation officer to support the remaining alleged violations. At the conclusion of the hearing, the district court found that Echols had (1) "failed to report . . . to the BI Treatment Center in Los Lunas for group counseling on July 17 and July 24, 2000," (2) "failed to submit for urinalysis testing at BI on July 13, and July 17," (3) "failed, without justification, to report to the Four Winds Residential Treatment Program on July 17, 2000," and (4) "tested positive for methamphetamine on June the 28th, 2000 and on July [7], 2000." Id., Vol. V

3

at 55-56. The district court revoked Echols' term of supervised release and imposed a term of imprisonment of eighteen months, to be followed by a one-year term of supervised release with the special conditions originally imposed.

II.

*Ineffective assistance of counsel/district court's failure to inquire*

Echols contends that, based upon statements he made to the district court during the May 3, 2000, hearing on the government's petition to revoke his supervised release, he raised "a colorable claim that he was denied the effective assistance of counsel and coerced into entering a plea of guilty [on August 2, 1999], despite his innocence." Echols' Br. at 20. Echols asks this court to remand the "case to the District Court with directions to conduct a hearing into [his] request to withdraw his plea based on the ineffective assistance of counsel." Id. at 20-21.

We reject Echols' request for relief. In response to Echols' statements during the May 3, 2000 hearing, the district court directed defense counsel to meet with Echols to explore the possibility of filing a 28 U.S.C. § 2255 motion to challenge his original conviction. Although Echols contends this directive was inadequate because his decision to plead guilty was based in part on the ineffective assistance of his counsel, we conclude that nothing in Echols' statements during the May 3, 2000, hearing would have reasonably alerted the district court to the possibility that Echols' guilty plea was the result of ineffective assistance. There is a more basic problem with Echols' arguments.

4

As pointed out by the government, the instant proceedings, which are narrowly focused on revocation of Echols' term of supervised release and imposition of a new term of imprisonment, are not the proper context in which to explore any inadequacies in Echols' original conviction.  See generally United States v. Pelensky, 129 F.3d 63, 68 (2d Cir. 1997) (discussing the unique and limited nature of supervised release revocation proceedings).  Instead, it is clear that Echols must seek relief, if at all, in collateral proceedings under § 2255.  See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (noting exclusive remedy for testing validity of judgment and sentence is provided in § 2255).

*Impermissible revocation of supervised release on basis of indigency*

Echols contends the district court, at the conclusion of the September 28, 2000, evidentiary hearing, impermissibly revoked his term of supervised release on the basis of his indigency.  More specifically, Echols contends the revocation of supervised release occurred because he could not afford the costs of (1) transportation to the Four Winds Residential Treatment Program (which was a two-and-a-half hour drive from his home) or (2) having his urine samples retested to establish his prescription medications caused false positives for methamphetamine use.

To revoke a term of supervised release, the district court must find by a preponderance of the evidence that the defendant violated a condition of his release.  18

U.S.C. § 3583(e)(3); United States v. Disney, 253 F.3d 1211, 1212-1213 (10th Cir. 2001). As the trier of fact in a revocation proceeding, the district court has the exclusive function of appraising the credibility of the witnesses, determining the weight to give their testimony, and resolving any conflicts in the evidence. United States v. Leach, 749 F.2d 592, 600 (10th Cir. 1984). We review a district court's decision to revoke a term of supervised release for abuse of discretion, and the district court's underlying factual findings for clear error. Disney, 253 F.3d at 1212-1213; United States v. Hall, 984 F.2d 387, 390 (10th Cir. 1993).

Echols' attacks on the district court's decision are clearly refuted by the record. With regard to Echols' failure to report to the Four Winds Residential Treatment Program, it is true that Echols testified during the evidentiary hearing that he did not have a car or a driver's license, was unable to find anyone to give him a ride, and had reported this information to his probation officer on July 13, 2000, the date he was initially scheduled to enter Four Winds. However, it was also uncontroverted that Echols' probation officer rescheduled his treatment at Four Winds to begin a few days later, on July 17, 2000, and that "July 17th came and went" without Echols reporting to Four Winds or contacting his probation officer about arranging transportation to the facility. ROA, Vol. V at 15. Indeed, it was uncontroverted that Echols made no effort to contact his probation officer, or otherwise comply with the conditions of his supervised release (e.g., outpatient group counseling and drug testing) after July 13, 2000. See id. at 22. As

6

for Echols' alleged inability to pay for retesting of his urine samples, Echols failed to present any evidence outlining the costs of such retesting or otherwise establishing that he could not have afforded to pay for retesting. In any event, the evidence presented during the September 28, 2000, evidentiary hearing established that such testing would not have mattered. It was uncontroverted that when Echols provided urine samples, it would have been standard procedure for him to submit a form indicating what medications he was taking so that the laboratory could have considered that information in determining whether there was a positive reading for methamphetamine. See id. at 26-27. Further, the probation officer testified that, based upon her knowledge of testing, as well as her discussions with the probation office's drug analyst, Echols' use of prescription drugs would not have produced a positive reading for methamphetamine. See id. at 27, 53. Accordingly, we find no abuse of discretion on the part of the district court in revoking Echols' term of supervised release based in part on Echols' failure to report to Four Winds or Echols' positive drug tests.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

7