**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 16, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICHARD ANTHONY NEVAREZ-
BARELA,

    Defendant - Appellant.

No. 17-2092
(D.C. No. 2:17-CR-00862-KG-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **EBEL**, and **PHILLIPS**, Circuit Judges.
_____

After entering into a plea agreement that included a waiver of his right to

appeal, Richard Anthony Nevarez-Barela pleaded guilty to conspiracy to transport

illegal aliens, a violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). He was sentenced to a

six-month term of imprisonment followed by up to six months in a halfway house,

which was within the advisory guidelines range. Despite the waiver, he appealed.

The government has moved to enforce the appeal waiver. *See United States v. Hahn*,

_____

[*] This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

Whether an appeal waiver is enforceable is a question of law. *United States v. Ibarra-Coronel*, 517 F.3d 1218, 1221 (10th Cir. 2008). Under *Hahn*, we evaluate a motion to enforce a waiver by considering "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325. "The burden rests with the defendant to demonstrate that the appeal waiver results in a miscarriage of justice." *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

Mr. Nevarez-Barela first argues that enforcing the waiver would result in a miscarriage of justice because the district court failed to enunciate any rationale for imposing his sentence. But enforcing an appeal waiver results in a miscarriage of justice only in four situations: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *United States v. Polly*, 630 F.3d 992, 1001 (10th Cir. 2011) (alteration in original) (internal quotation marks omitted). Mr. Nevarez-Barela does not present any facts or argument that would show any of these four situations occurred. His argument about the sentencing hearing does not pertain to the lawfulness of the

2

waiver itself. As a result, he has not shown that enforcing the waiver will result in a miscarriage of justice.

Mr. Nevarez-Barela next contends that the appeal waiver is unconscionable because the government is not subject to a similar bar. But both the accused and the government benefit from appeal waivers. "The essence of plea agreements . . . is that they represent a bargained-for understanding between the government and criminal defendants in which each side foregoes certain rights and assumes certain risks in exchange for a degree of certainty as to the outcome of criminal matters." *United States v. Porter*, 405 F.3d 1136, 1145 (10th Cir. 2005). "A waiver of appellate rights can be of great value to an accused as a means of gaining concessions from the government," while the government benefits "by saving . . . time and money involved in arguing appeals." *United States v. Elliott*, 264 F.3d 1171, 1174 (10th Cir. 2001) (internal quotation marks omitted). Mr. Nevarez-Barela cites no authority for the proposition that the lack of congruency between the benefits received by each side from appeal waivers renders them unconscionable or undermines the strong public policy reasons for favoring them, *see id.*

Finally, Mr. Nevarez-Barela contends that he received ineffective assistance of counsel in the negotiation of the appeal waiver that is not apparent on the face of the record. "[A] defendant must generally raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review." *Porter*, 405 F.3d at 1144. "This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance counsel." *Id.*

3

The motion to enforce is granted, and this appeal is dismissed.

Entered for the Court
Per Curiam