FILED
United States Court of Appeals
Tenth Circuit

April 5, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICHARD ANTHONY NEVAREZ-
BARELA,

    Defendant - Appellant.

No. 18-2114
(D.C. No. 2:17-CR-00862-KG-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Richard Nevarez-Barela appeals the revocation of his term of supervised

release and his sentence.  His counsel moves for leave to withdraw in a brief filed

pursuant to Anders v. California, 386 U.S. 738 (1967).  Exercising jurisdiction under

28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss the appeal.

**I**

Nevarez-Barela pled guilty to conspiracy to transport illegal aliens in May

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2017. He was sentenced to six months' imprisonment followed by three years of supervised release. The district court imposed a number of special conditions of supervised release, including a requirement that Nevarez-Barela reside in a residential reentry center for up to six months. We dismissed an appeal from that judgment and sentence, concluding it was barred by Nevarez-Barela's waiver of the right to appeal in his plea agreement. United States v. Nevarez-Barela, 695 F. App'x 411 (10th Cir. 2017).

Following his release, Nevarez-Barela absconded while being transferred between residential reentry centers. After he was found, he admitted to having violated his conditions of supervised release. The district court sentenced him to three months' imprisonment followed by a two-year term of supervised release, and again required that he stay at a residential reentry center for six months.

After being released from that term of imprisonment, Nevarez-Barela failed to return to his assigned reentry center. The government petitioned the court to revoke his supervised release. Approximately six months later, he was located and arrested. At his second revocation hearing, the district court engaged in a thorough plea colloquy, after which Nevarez-Barela admitted to violating the conditions of his supervised release. The district court imposed a sentence of seven months' imprisonment followed by a two-year term of supervised release. It also required Nevarez-Barela to reside in a residential reentry center for twelve months following his release from prison. Nevarez-Barela filed a timely notice of appeal.

## II

If an attorney concludes that any appeal would be frivolous after conscientiously examining a case, he may so advise the court and request permission to withdraw. Anders, 386 U.S. at 744. In conjunction with such a request, counsel must submit a brief explaining any potentially appealable issues and provide a copy to the defendant. Id. The defendant may submit a pro se brief in response. Id. If the court determines the appeal is frivolous upon careful examination of the record, it may grant counsel's request to withdraw and dismiss the appeal. Id. In this case, counsel provided a copy of his Anders brief to Nevarez-Barela, who subsequently filed a pro se response.

Counsel's Anders brief considers whether the district court erred in revoking Nevarez-Barela's supervised release and imposing a sentence of seven months followed by two years of supervised release with special conditions. We review the order revoking supervised release for abuse of discretion. United States v. Disney, 253 F.3d 1211, 1213 (10th Cir. 2001). We agree with counsel that the district court acted within its discretion in revoking appellant's supervised release and imposing the new sentence.

Nevarez-Barela admitted to violating the terms of his supervised release after being duly advised by the district court of his rights under Fed. R. Crim. P. 32.1(b)(2). The district court found him "clear and coherent," and there is no reason in the record to question this factual finding. We thus conclude Nevarez-Barela's admission was knowingly, voluntarily and intelligently given. See generally United

3

States v. Gigot, 147 F.3d 1193, 1197 (10th Cir. 1998).  Further, Nevarez-Barela's admission provided a sufficient factual basis for the revocation.  See Johnson v. United States, 529 U.S. 694, 700 (2000) (violation of supervised release must be proven by a preponderance of the evidence).

We agree with counsel that the sentence imposed was reasonable.  See United States v. Steele, 603 F.3d 803, 807 (10th Cir. 2010) (sentences imposed following revocation of supervised release reviewed for reasonableness).  "Our appellate review for reasonableness includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence."  Id. at 807-08.

Nevarez-Barela's seven-month prison sentence was at the lower end of his Guidelines range of five to eleven months.  See U.S.S.G. § 7B1.4(a).  His two-year term of supervised release was also within the advisory Guidelines range.  See § 5D1.2(a)(2).  Both are accordingly presumed reasonable.  United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006).  This court has not identified any reason Nevarez-Barela could overcome this presumption of reasonableness.

Counsel identifies one potential procedural error.  During the second revocation hearing, a probation officer incorrectly stated that Nevarez-Barela faced a mandatory 24-month term of supervised release.  However, the district court recognized that it possessed discretion in determining whether to impose a term of supervised release, and correctly stated that "[w]ith credit for the previous term for a prior revocation, the available term of supervised release is now 33 months less any

4

imprisonment term imposed in this revocation." See 18 U.S.C. § 3583(b)(2), (h). We therefore have no basis to believe the probation officer's erroneous statement affected the district court's sentence.

Finally, counsel's Anders brief discusses whether appellant has a potentially meritorious ineffective assistance of counsel claim. But ineffective assistance of counsel claims generally may not be brought on direct review. United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995). Should Nevarez-Barela wish to bring such a claim, he must do so in a 28 U.S.C. § 2255 habeas motion. Id. at 1242. However, Nevarez-Barela's case may be past the point of due process and at the point of undue process.

Nevarez-Barela's pro se response discusses potential bases for his ineffective assistance of counsel claims, which as stated above must be brought on collateral review. He also advances a number of arguments related to his original conviction. However, a direct appeal from the revocation of his supervised release is not the proper place to bring such claims. See United States v. Echols, 33 F. App'x 376, 378 (10th Cir. 2002) (unpublished). Our independent review of the record has not uncovered any other potentially meritorious issues for appeal.

**III**

For the foregoing reasons, we **GRANT** counsel's request to withdraw and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge