FILED
United States Court of Appeals
Tenth Circuit

November 14, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MAURICE WILFORD,

    Defendant - Appellant.

No. 24-5059
(D.C. No. 4:24-CR-00047-JFH-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Maurice Wilford stipulated to five violations of his supervised release and was

sentenced to 24 months in prison, followed by one year of supervised release.  He

filed a timely notice of appeal.  His counsel submitted an *Anders* brief stating this

appeal presents no non-frivolous grounds for reversal.  After careful review of the

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

record, we agree. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss the appeal.

## I. BACKGROUND

In 2020, Mr. Wilford was convicted for being a prohibited person in possession of firearms in violation of 18 U.S.C. § 922(g) and § 924(a). The district court sentenced him to 84 months in prison followed by three years of supervised release.

About eight months into his supervised release, Mr. Wilford stipulated to the following violations of his release terms:

(1) issuing interstate threats, 18 U.S.C. § 875(c), and committing cyberstalking, 18 U.S.C. § 2261A(2)(A), (B), when he sent harassing and threatening text messages to a minor;

(2) failing to appear for his group counseling session;

(3) testing positive for marijuana 25 times;

(4) failing to submit urine specimens for testing; and

(5) failing to submit five monthly reports to his probation officer.

Mr. Wilford's criminal history category was V, and he stipulated to Grade B violations. *See* United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 7B1.4(a).[1]

---

[1] The Government did not argue that his 18 U.S.C. § 875(c) violation was a Grade A violation, which could have resulted in a higher Guidelines range. *See* U.S.S.G. §§ 7B1.1(a)(1), 7B1.1 n.2, 4B1.2(a).

The district court calculated Mr. Wilford's Guidelines range to be 18 to 24 months in prison. It sentenced him to 24 months followed by one year of supervised release.

Mr. Wilford filed a timely notice of appeal. His counsel filed a brief and motion to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967), which "authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). This court sent the *Anders* brief to Mr. Wilford and invited him to respond. He did not do so.

## II. DISCUSSION

*Anders* provides that:

> [I]f counsel finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . . [T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . .

386 U.S. at 744. When counsel submits an *Anders* brief, we review the record de novo. *United States v. Kurtz*, 819 F.3d 1230, 1233 (10th Cir. 2016). The *Anders* brief here addresses whether Mr. Wilford has any non-frivolous arguments to challenge (1) the procedural reasonableness of his sentence, (2) the substantive reasonableness of his sentence, or (3) the constitutionality of his original conviction

3

under 18 U.S.C. § 922(g). It concludes none has merit. Based on our de novo

review, we agree. We have not detected any other viable appeal issues.

## A. *Procedural Reasonableness*

The *Anders* brief considers whether the record supports a challenge to the

procedural reasonableness of Mr. Wilford's sentence and concludes it does not. We

agree. As the *Anders* brief correctly states, we would review the procedural

reasonableness of Mr. Wilford's sentence for plain error because he did not challenge the

calculation of the Guidelines range or otherwise object on the ground of procedural error.

*See United States v. Henson*, 9 F.4th 1258, 1289 (10th Cir. 2021) (collecting cases

applying plain error review to procedural reasonableness), *vacated on other grounds*,

142 S. Ct. 2902 (2022) (mem.).

When reviewing a sentence for procedural reasonableness, we consider

whether the district court committed "significant procedural error, such as failing to

calculate (or improperly calculating) the Guidelines range, treating the Guidelines as

mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on

clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v.*

*United States*, 552 U.S. 38, 51 (2007); *accord United States v. Lente*, 647 F.3d 1021,

1030 (10th Cir. 2011).

We discern no error—let alone plain error—from our review of the record.

The district court correctly calculated the Guidelines range, considered the applicable

Guidelines policy statements, and recognized that the Guidelines are "advisory in

nature." ROA, Vol. III at 14. It also "considered the guidelines along with certain

4

3553(a) factors that are specifically enumerated in Title 18 U.S.C. Section 3583(e)," the revocation statute, "to reach what [it] believe[d] w[ould] be an appropriate and reasonable sentence in this case." *Id.* In particular, the court considered "the nature and circumstances of the violation conduct," Mr. Wilford's "history and characteristics," and specific and general deterrence. *Id.* at 14-15.[2] It also recommended that the Bureau of Prisons evaluate Mr. Wilford for placement in a vocational training program. *Id.* at 16.

Our review of the record has not identified a non-frivolous argument Mr. Wilford could make to challenge the procedural reasonableness of his sentence on appeal.

## B. *Substantive Reasonableness*

The *Anders* brief considers whether the record supports a challenge to the substantive reasonableness of Mr. Wilford's sentence and concludes it does not. We agree.

---

[2] This case did not implicate "the need to avoid unwarranted sentence disparities," 18 U.S.C. § 3553(a)(6), or "the need to provide restitution to any victims of the offense," *id.* § 3553(a)(7). *See United States v. Fykes*, No. 21-1222, 2022 WL 245516, at *2 (10th Cir. Jan. 27, 2022) (unpublished) (finding the district court satisfied § 3583(e) when it "consider[ed] at least one" of the enumerated factors (quotations omitted)); *United States v. Fulton*, 760 F. App'x 638, 640 (10th Cir. 2019) (unpublished) (finding the district court did not abuse its discretion when revoking supervised release under § 3583(e) because "[a]lthough [it] did not explicitly reference the § 3553(a) factors, it acknowledged that it had to consider those factors"). We cite unpublished opinions for their persuasive value under Fed. R. App. P. 32.1; 10th Cir. R. 32.1.!

We review Mr. Wilford's challenge to the length of his sentence for abuse of discretion. *United States v. Sanchez-Leon*, 764 F.3d 1248, 1267 (10th Cir. 2014). "A sentence within a properly calculated Guidelines range is entitled to a presumption of reasonableness." *United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006). To rebut that presumption, the defendant must show "that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006) (per curiam).

Mr. Wilford's within-Guidelines sentence is presumptively reasonable. *See id.* We see no way for Mr. Wilford to overcome this presumption. As the district court noted, Mr. Wilford violated his supervised release "by committing new law violations [by] sending threatening and harassing text messages to a 16 year old victim, failing to attend group counseling as directed, . . . submitting 25 urine specimens that tested positive for marijuana," "[f]ailing to provide urine specimens . . . [,] and failing to submit monthly reports for" five months. ROA, Vol. III at 14-15. Mr. Wilford cannot make a non-frivolous argument on appeal that the district court abused its discretion in imposing a sentence at the top of the Guidelines range.

## C. *Constitutionality of Conviction*

The *Anders* brief considers whether the record supports a challenge to the constitutionality of Mr. Wilford's original conviction for being a prohibited person in possession of a firearm under 18 U.S.C. § 922(g). It concludes that Mr. Wilford cannot make a non-frivolous challenge on appeal, and we agree.

The *Anders* brief identifies that "[i]n light of recent Supreme Court cases," Mr. Wilford could possibly challenge the constitutionality of 18 U.S.C. § 922(g)'s prohibition on felons possessing firearms. Aplt. Doc. 34 at 10; *see Vincent v. Garland*, 144 S. Ct. 2708 (2024) (mem.) (vacating our decision that bans on felons' possession of firearms is constitutional under our circuit precedent "for further consideration in light of" *United States v. Rahimi*, 144 S. Ct. 1889 (2024)). *But see Rahimi*, 144 S. Ct. at 1902 (explaining that *District of Columbia v. Heller*, 554 U.S. 570, 626, 627 n.26 (2008), "stated that . . . prohibitions, . . . on the possession of firearms by 'felons and the mentally ill[]' are 'presumptively lawful'"); *McDonald v. City of Chicago* 561 U.S. 742, 786 (2010) (reaffirming *Heller*'s "assurances" that prohibitions on felon's possession of firearms are presumptively lawful). !

Mr. Wilford does not have a viable appellate argument on this basis because he may not challenge his underlying conviction in this proceeding. *See Rodgers v. United States*, 413 F.2d 251, 253 (10th Cir. 1969) ("The question of the validity of the original judgment cannot be raised for the first time on appeal from an order revoking probation."); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("The exclusive remedy for testing the validity of a judgment and sentence [after the time for direct appeal has elapsed], unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." (quotations omitted)).[3]

---

[3] *See also United States v. Nevarez-Barela*, 767 F. App'x 667, 669-70 (10th Cir. 2019) (unpublished) ("[A] direct appeal from the revocation of his supervised release is not the proper place to bring . . . claims" collaterally attacking an underlying conviction.); *United States v. Echols*, 33 F. App'x 376, 378 (10th Cir.

III. **CONCLUSION**

Our independent review of the record reveals no non-frivolous grounds for reversal. We grant counsel's motion to withdraw and dismiss the appeal.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

2002) (unpublished) (revocation of supervised release proceedings "are not the proper context in which to explore any inadequacies in [the defendant's] original conviction" and the defendant "must seek relief . . . in collateral proceedings under § 2255"); *United States v. Willis*, 563 F.3d 168, 170 (5th Cir. 2010) ("It is by now well-established that a defendant may not use the appeal of a revocation of supervised release to challenge an underlying conviction or original sentence."); *United States v. Warren*, 335 F.3d 76, 78 (2d Cir. 2003) ("We join other circuits in holding that the validity of an underlying conviction or sentence may not be collaterally attacked in a supervised release revocation proceeding and may be challenged only on direct appeal or through a habeas corpus proceeding."). !